UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND (BALTIMORE)

JOAHN BARRON FRAZIER,
       Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION, LLC; and
EQUIFAX, INC.
       Defendants.

CASE NO. 1:18-cv-00067-JKB

**TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
AND AFFIRMATIVE DEFENSES**

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2. All conditions precedent to the bringing of this action have been performed.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

## PARTIES

3. The Plaintiff in this lawsuit is Joahn Barron Frazier, a natural person, who resides in the State of Maryland.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4. Defendant Experian Information Solutions, Inc. (Experian) is a Consumer Reporting Agency with corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5. Defendant Equifax, Inc. (Equifax) is a Consumer Reporting Agency with corporate offices at 1550 Peachtree Street, Atlanta, GA 30309.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Trans Union, LLC (Trans Union) is a Consumer Reporting Agency with corporate offices at 555 W. Adams Street Chicago, IL 60661.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

**VENUE**

7. The occurrences which give rise to this action occurred in the State of Maryland and Plaintiff resides in the State of Maryland.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

8. Venue is proper in the District of Maryland.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## GENERAL ALLEGATIONS

9.   Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Experian on September 25, 2017. See Exhibit A attached.

**ANSWER:** Trans Union states that the document identified as Exhibit A speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

10.   In response to her very specific request for her full consumer file disclosure Plaintiff received a credit report which was not responsive to her request.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

11.   Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Equifax on September 23, 2017. See Exhibit B attached.

**ANSWER:** Trans Union states that the document identified as Exhibit B speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12.   In response to her very specific request for her full consumer file disclosure Plaintiff received a letter which was not responsive to her request. See Exhibit C.

**ANSWER:** Trans Union states that the document identified as Exhibit C speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Trans Union on September 26, 2017.  See Exhibit D attached,

**ANSWER**:  Trans Union states that the document identified as Exhibit D speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

14.     In response to her very specific request for her full consumer file disclosure Plaintiff received a letter which was not responsive to her request.  See Exhibit E

**ANSWER**:  Trans Union states that the document identified as Exhibit E speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.     Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a full consumer file disclosure at least once per year at no charge when a request is made by a consumer.  See Exhibits A, B, & D attached.

**ANSWER**:  Trans Union states that the documents identified as Exhibits A, B and D speak for themselves.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Plaintiff's request for a full consumer file disclosure from each Defendant was the first request for a disclosure within 12 months, and identification in the form of a copy of her social security card and current state driver's license was attached to the request for identification.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

17. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a full consumer file disclosure pursuant to the FCRA of each Defendant. See Exhibit F-H attached. Identification in the form of a copy of Plaintiff's social security card and driver's license was again sent for identification.

**ANSWER:** Trans Union states that the documents identified as Exhibits F-H speak for themselves. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18. At no time did Plaintiff make any request for a credit report from the Defendants but instead was very specific in requesting a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l) as outlined in the initial request.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

19. In response to Plaintiff's second request for a full consumer file disclosure to Experian she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

20. In response to Plaintiff's second request for a full consumer file disclosure to Equifax she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21. In response to Plaintiff's second request for a full consumer file disclosure to Trans Union she received no response, which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the allegation that "[i]n response to Plaintiff's second request for a full consumer file disclosure to Trans Union she received no response," which has the effect of a denial under Rule 8(b)(5). Trans Union denies the remaining allegations contained in this paragraph.

22. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to her including, but not limited to, information that was previously shown in her credit reports and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a

denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

23. Upon information and belief, the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

24. This undisclosed information has never been provided to Plaintiff even when it was requested so she could examine it for accuracy.  It could be blatantly false or at the least misleading, and without disclosure by the Defendants, she would not have the opportunity to dispute the accuracy or veracity of it which she is legally entitled to do under the law.  Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint her in a false light where she could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming her substantially.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

25.     Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that is provided to others when they make a request for her file. This, information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 168lg(a)(l) when a proper request is made by a consumer. The Defendants have repeatedly refused to provide Plaintiff with her full consumer file disclosure after multiple requests. Her requests were very specific in nature and could not possibly be misconstrued as a request for her credit report by Defendants.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26.     Because Plaintiff has not had access to that undisclosed information she has therefore had no opportunity to review it and dispute the accuracy of it, if it is found to be false, yet it is provided to potential creditors, insurers and employers without her knowledge and purposely and illegally concealed from her.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27.     Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the

user that the consumer is NOT to be shown that information. There is no prohibition in the law that information obtained by a user cannot be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary, Why?

**ANSWER:** As Plaintiff's allegations are stated and, absent a proper definition of the terms employed, Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

28. One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer. It obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want her to see it for some unknown reason. This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. Plaintiff made multiple specific requests of each of the Defendants for a full consumer file disclosure as clearly stated in 15 U.S.C. § 1681g(a)(l) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

**ANSWER:**  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EXPERIAN INFORMATION SOLUTIONS INC.

31. Paragraphs 1 through 30 are re-alleged as though fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

32. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

33. Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34.     Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

35.     Paragraphs 1 through 34 are re-alleged as though fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

36.     Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37.     Trans Union is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

38. Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

39. Paragraphs 1 through 38 are re-alleged as though fully set forth herein.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

40. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

41. Equifax is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

42. Equifax repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX INC. for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2. Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3. Trans Union's reports concerning Plaintiff were true or substantially true.

4. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7. At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8. Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9. Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10. Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11. Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13. Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **5th day of March, 2018**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Jon G. Heintz, Esq.<br>Jones Day<br>51 Louisiana Avenue<br>Washington, DC  20001 | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **5th day of March, 2018**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Joahn Barron Frazier<br>P.O. Box 25<br>Hagerstown, MD  21741 | |

*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax: (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Counsel for Trans Union, LLC*