IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOAHN BARRON FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-00067-JKB |
| | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS INC., et al., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT EQUIFAX INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Nathan Daniel Adler, Esq.
Bar No: 22645
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8516
(410) 332-8517 – Fax
nda@nqgrg.com

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................................1

STANDARD OF REVIEW ...................................................................................................2

ARGUMENT..........................................................................................................................3

    I.    **Equifax Inc. Is Not a Consumer Reporting Agency.** ................................................3

    II.   **Ms. Frazier's Complaint Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.**...................................................................6

          A.    "Consumer file" is defined as the information contained in a consumer's credit report/disclosure. ....................................................................................7

          B.    Plaintiff admits she received a copy of her credit report/disclosure from Equifax. ........................................................................................................8

          C.    Ms. Frazier provides no factual basis for her assertion that the "credit report" she received was not her "full consumer file disclosure." .......................9

CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Rice*,
  40 F.3d 72 (4th Cir. 1994) ...................................................................................................2

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................2, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..........................................................................................................9

*Channing v. Equifax, Inc., .*,
  No. 5:11-CV-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013) ..............................4, 5

*Cochran v. Morris*,
  73 F.3d 1310 (4th Cir. 1996) .............................................................................................2

*Davidson v. Sarnova, Inc.*,
  No. CV JKB-17-1067, 2017 WL 5564654 (D. Md. Nov. 20, 2017) ..................................9

*Doe v. Salisbury Univ.*,
  123 F. Supp. 3d 748, 768 (D. Md. 2015) ...........................................................................9

*Frihat v. Citimortgage, Inc.*,
  No. 07-CV-946, Doc. 60 (W.D. Mo. Dec. 1, 2009) ...........................................................5

*Greear v. Equifax, Inc.*,
  No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) .......................................4, 5

*Hinton v. Trans Union, LLC*,
  654 F. Supp. 2d 440 (E.D. Va. 2009) ................................................................................2

*Jackson v. Warning*,
  No. CV PJM 15-1233, 2016 WL 7228866 (D. Md. Dec. 13, 2016) ..................................2

*Johnson v. MV Transp. Inc.*,
  716 F. Supp. 2d 410 (D. Md. 2010) ...................................................................................2

*Jones v. Duncan*,
  No. 1:09CV370-MU-02, 2009 WL 3230559 (W.D.N.C. Oct. 2, 2009) ............................2

*Kant v. Bregman, Berbert & Schwartz, L.L.C.*,
  84 F. App'x 355 (4th Cir. 2004) .........................................................................................2

*Malibu Media, LLC v. Doe*,
  No. PWG-13-365, 2014 WL 7188822 (D. Md. Dec. 16, 2014) ...............................................9

*Mason v. Potter*,
  81 F. App'x 767 (4th Cir. 2003) ........................................................................................2

*McDonald v. Equifax, Inc. et al.*,
  Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) .......................................5

*Moran v. The Screening Pros, LLC*,
  9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22 ........................................................7

*Persson v. Equifax Inc.*,
  No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) ...............................................5

*Pettway v. Equifax Info. Servs., LLC*,
  No. CIV.A. 08-0618-KD-M, 2010 WL 653708 (S.D. Ala. Feb. 17, 2010)...............8

*Ransom v. Equifax Inc.*,
  No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010) ...........................5

*Slice v. Choicedata Consumer Servs., Inc.*,
  No. 3:04-CV-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) .....................4, 5

*United States v. Wilson*,
  699 F.3d 789 (4th Cir. 2012) ...................................................................................3

*Wantz v. Experian Info. Solutions*,
  386 F.3d 829 (7th Cir. 2004) ...................................................................................8

*Weiler v. Equifax Inc.*,
  No. 2:99-CV-936, Doc. 29 (W.D. Pa. Nov. 16, 2000) .............................................5

**Statutes**

Consumer Financial Protection Act of 2010................................................................................7

Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ......................................................... *passim*

15 U.S.C. § 1681a(d) ...................................................................................................................3

15 U.S.C. § 1681a(f)....................................................................................................................3

15 U.S.C § 1681g............................................................................................................... *passim*

15 U.S.C. § 1681n........................................................................................................................1

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) .................................................................................. *passim*

https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-
    fair-credit-reporting-act-ftc-staff- report-summary-
    interpretations/110720fcrareport.pdf ......................................................................................7

Defendant, Equifax Inc., by counsel, files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, and asks the Court to dismiss this action in its entirety. For the reasons stated below, Equifax Inc.'s motion should be granted.

## **INTRODUCTION**

This is a case under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. On or about January 9, 2018, *pro se* Plaintiff Joahn Barron Frazier filed her Complaint for Violations of the FCRA ("Complaint") against Equifax Inc. (Complaint, Doc. 1). Ms. Frazier alleges that Equifax Inc. violated § 1681g the FCRA. (*Id.* ¶ 42). Specifically, Ms. Frazier alleges she made two written requests to Equifax Inc. for her "full consumer file disclosure." (*Id.* ¶¶ 11, 17). Ms. Frazier further alleges that in response to the first request, Equifax Inc. sent, and she received, a "letter which was not responsive to her request." (*Id.* ¶ 12). In response to the second request, Equifax Inc. sent, and she received, her "credit file." (*Id.* ¶ 20). Ms. Frazier seeks statutory damages of $1,000, attorney's fees and costs pursuant to § 1681n of the FCRA. (*Id.* at 7). She does not allege or seek any actual damages. (*Id.*).

Equifax Inc. moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for two independently sufficient reasons. *First*, Ms. Frazier sued the wrong party. Equifax Inc. is not a consumer reporting agency ("CRA"). Equifax Information Services LLC is a CRA, and it is the party that responded to Ms. Frazier's two written requests. *Second*, Ms. Frazier fails to allege facts sufficient to support a claim for relief. She repeats the statutory language and offers merely speculative and conclusory allegations that she received a "credit report" when she requested a "full consumer file disclosure." Ms. Frazier's allegations do not adequately state a claim and fail to provide Equifax Inc. with adequate notice of the basis of the claims asserted against it. For the same reason, Equifax Information Services LLC would be entitled to dismissal if it was named as a defendant; thus, amendment of the Complaint is futile.

## **STANDARD OF REVIEW**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." *Id.* The court must take the plaintiff's well-pled factual allegations as true. "The court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any reference to actual events." *Johnson v. MV Transp. Inc.*, 716 F. Supp. 2d 410, 413 (D. Md. 2010) (citations omitted)

There must be "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, at 1949 (citing *Twombly*, 550 U.S. at 555); s*ee also Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (granting motion to dismiss 15 U.S.C § 1681g claim because allegations were merely "unadorned, the defendant-unlawfully-harmed-me accusations" (citation omitted)); *Jackson v. Warning*, No. CV PJM 15-1233, 2016 WL 7228866, at *9 (D. Md. Dec. 13, 2016) (dismissing *pro se* FCRA claims); *Kant v. Bregman, Berbert & Schwartz, L.L.C.*, 84 F. App'x 355 (4th Cir. 2004) (affirming dismissal of civil rights claim because plaintiff's only asserted conclusory allegations unsupported by any factual averments); *Mason v. Potter*, 81 F. App'x 767, 768 (4th Cir. 2003) (same); *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff cannot rely merely on conclusory allegations); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (must present more than naked allegations to survive dismissal); *Jones v. Duncan*, No. 1:09CV370-MU-02, 2009 WL 3230559, at *2 (W.D.N.C. Oct. 2, 2009)

(dismissing case because plaintiff did not allege a single fact to overcome his showings that no violations occurred).

Although courts are obligated to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson,* 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit recognizes that "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied,* 475 U.S. 1088 (1986)).

## ARGUMENT

I. **Equifax Inc. Is Not a Consumer Reporting Agency.**

A "consumer reporting agency" is defined by the FCRA, 15 U.S.C. § 1681a(f) as:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

The term "consumer report" is defined by 15 U.S.C. § 1681a(d) as:

> The term "consumer report" means any written, oral, or other communication of any information by a *consumer reporting agency* bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance … . (Emphasis added.)

Therefore, in order to be held liable under the FCRA, a defendant must be a "consumer reporting agency" that prepared a "consumer report" concerning the plaintiff.

3

Equifax Inc. is not a consumer reporting agency; therefore, federal courts consistently dismiss Equifax Inc. in FCRA lawsuits filed by consumers based on allegations similar to those made by Ms. Frazier here. Federal courts consistently have held that, based on the plain language of the FCRA, plaintiffs cannot maintain FCRA claims against Equifax Inc., and that Equifax Inc. may not be held liable under the FCRA for actions taken by its subsidiaries. *See e.g.*, *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777, at *1 (E.D. Mich. Apr. 8, 2014) (dismissing plaintiff's claims because "Defendant Equifax, Inc., is not a consumer reporting agency subject to the requirements of the FCRA. Plaintiff cannot, as a matter of law, state a claim against Equifax, Inc., under the FCRA."). The District Court for the Eastern District of North Carolina stated as follows:

> ("[P]laintiff has simply sued the wrong party; . . . [Equifax Inc.,] which is incorporated and headquartered in Georgia, is a holding company with no source of income other than what it obtains from its ownership interests in subsidiaries and affiliates. It has not been in the business of assembling or evaluating consumer credit information since 1977. Thus, insofar as plaintiff has alleged a claim against defendant for violating the FCRA, summary judgment for defendant is appropriate where it is not a CRA and not subject to the requirements of the FCRA.

*Channing v. Equifax, Inc.*, ., No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013) (citations omitted.)

In *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005), after considering the plain language of the FCRA and the undisputed Certification of Equifax Inc.'s employee, the court held that Equifax Inc. was not a "consumer reporting agency." 2005 WL 2030690, *3. The court explained that in order for a plaintiff to state a claim under the FCRA, a defendant must fall into one of three groups: (1) a consumer reporting agency; (2) a user of consumer reports; or (3) a furnisher of information to consumer reporting agencies. *Id*. The court dismissed Equifax Inc. holding that a violation of the

provisions of the FCRA "necessarily must be committed by a "consumer reporting agency." *Id.* The Court also held that Equifax Inc. did not violate the FCRA because it is not a consumer reporting agency. *Id.*

The *Greear*, *Channing*, and *Slice* decisions are three in an unbroken line of decisions from district courts dismissing Equifax Inc. under circumstances similar to those presented here. *See Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, *3 (S.D. Fla. Mar. 30, 2010) (dismissing Equifax Inc. because "[b]ased on this record, the Court concludes, as a matter of law, that Equifax, Inc. has not violated the FCRA because it is not a consumer reporting agency and has not prepared a consumer report for [plaintiff]."); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (dismissing Equifax Inc. and citing cases for the proposition that "it [is] not a consumer reporting agency for purposes of the FCRA") (attached as Exhibit 1). *See also McDonald v. Equifax, Inc. et al.*, Civil Action No. 3:15-cv-3212-B (N.D. Tex. Mar. 6, 2017) (dismissing Equifax Inc.) (attached as Exhibit 2); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (same) (attached as Exhibit 3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (same) (attached as Exhibit 4).

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *Channing*, 2013 WL 593942, at *3 (quoting *United States v.. Bestfoods*, 524 U.S. 51, 61 (1998) (quotations omitted)). Accordingly, the Court should dismiss Ms. Frazier's claims.

Dismissal is warranted here just as it was in *Greear*, *Channing*, *Slice*, *Ransom*, *Frihat*, *McDonald*, *Persson*, and *Weiler*. The issues are virtually identical. Equifax Inc. is not a

5

consumer reporting agency and, therefore, is not subject to the FCRA and cannot be held liable under the FCRA. There is no reason for this Court to deviate from this strong and unbroken line of authority.

**II.     Ms. Frazier's Complaint Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.**

Ms. Frazier's Complaint is also subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. Ms. Frazier alleges that "Equifax failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(1)." (*See* Doc. 1 ¶ 42). Section 1681g(a)(1) of the FCRA states that, upon request, a consumer reporting agency shall disclose "[a]ll information in the consumer's file at the time of the request, except that (A) if the consumer requests that his social security number be masked the CRA shall do so, and (B) the CRA is not required to disclose information concerning "credit scores or any other risk scores or predictors relating to the consumer." 15 U.S.C. § 1681g(a)(1). To prevail on a claim based on § 1681g(a)(1), then, a plaintiff must adequately plead that the CRA failed to provide the consumer with the consumer file. Here, Ms. Frazier merely recites in conclusory fashion that she did not receive a full consumer file disclosure at the same time admitting Equifax[1] timely responded and produced a "credit report." (*See* Doc. 1 ¶¶ 19, 42). Ms. Frazier's averments are insufficient.

---

[1] As set forth in Argument section I, Equifax Inc. is not a CRA. Equifax Information Services LLC is a CRA, and it is the entity that responded to Ms. Frazier's two written requests. (Complaint Exhibit 4, Doc. 1-4). For purposes of Argument section II, Equifax Information Services LLC will be referred to as Equifax.

Equifax Information Services LLC would be entitled to dismissal if it were named as a defendant because, as set forth in Argument section II, there was no violation of § 1681g of the FCRA. Thus, amendment of the Complaint is futile.

### A. "Consumer file" is defined as the information contained in a consumer's credit report/disclosure.

The Federal Trade Commission ("FTC")[2] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. *See* 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on §1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added). Ms. Frazier alleges "Defendants have far more information relating to Plaintiff in their files and databases including archived information." (Doc. 1 ¶ 25). Ms. Frazier offers no factual enhancements to support her

---

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, 9th Cir. Cause No. 12-57246 10/4/13, Dkt. 22.

speculative conclusory statement. Nonetheless, to the extent such archived information exists, it is not part of the file to be produced under §1681g as interpreted by the FTC and courts.

> B. **Plaintiff admits she received a copy of her credit report/disclosure from Equifax.**

Ms. Frazier misunderstands how a "consumer report" is different from a consumer disclosure or credit file. *See Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010). "Consumer reports" are generated by a CRA and delivered to a third party for use in deciding whether the consumer is eligible for credit or for other purposes. *Pettway*, at *7 (citing 15§ 1681a(d)). In contrast, a "consumer disclosure" or "consumer file" is a CRA's file that is provided to the consumer, not to third parties, that contains information about the consumer recorded and retained by the CRA. *Id.* (citations omitted). In other words, there cannot be a consumer report without delivery to a third party.

Ms. Frazier's sole allegation against Equifax is that she did not receive her "full consumer file disclosure" as requested. (*See* Doc. 1 ¶¶ 11-12, 17, 20). Ms. Frazier states that she sent Equifax a request for her full consumer file disclosure, and in response received a copy of her "credit report." (*Id.* at ¶¶ 17, 20). She does not dispute that she received this document upon her request, as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Ms. Frazier, the consumer, was the recipient, what she received was exactly what she requested a full consumer file disclosure.

Thus, by Ms. Frazier's own admission, Equifax complied with § 1681g(a)(1) and relevant federal case precedent by providing her consumer disclosure to her. Accordingly, Ms. Frazier has failed to allege sufficient facts to support a cause of action against Equifax under the FCRA, and the Court should dismiss her claim under Rule 12(b)(6).

**C. Ms. Frazier provides no factual basis for her assertion that the "credit report" she received was not her "full consumer file disclosure."**

Notably absent from Ms. Frazier's Complaint is any factual enhancement that specific information that should have been in the disclosure was missing. Instead, she offers speculative conclusions with no factual basis that information has been excluded from her consumer file. She acknowledges the speculative nature of her statements by stating that "one can only surmise." (*See* Doc. ¶ 28). She assumes that such information includes the following categories:

- "additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that Plaintiff has never seen or is aware of," (*id.* ¶ 22);

- "negative codes among other things that are provided to prospective creditors, insurers or employers" (*id.* ¶ 23); and

- "far more information relating to Plaintiff in [Defendants'] files and databases including archived information." *(id.* ¶ 25).

Specifically, she alleges "[u]pon information and belief" that these types of information are missing from her disclosure. (*Id.* ¶¶ 22, 23, and 25). Since the decision of *Twombly* and *Iqbal*, various district courts have stated that a plaintiff may plead facts "upon information and belief" in two circumstances: (1) where the facts are peculiarly within the possession and control of the defendant, or (2) where the belief is based on factual information that makes the inference of culpability plausible. *See, e.g.*, *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 768 (D. Md. 2015); *Davidson v. Sarnova, Inc.*, No. CV JKB-17-1067, 2017 WL 5564654, at *4 (D. Md. Nov. 20, 2017); *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014). A plaintiff may not rely exclusively on conclusory allegations of unlawful conduct, even where alleged "upon information and belief." *Doe*, 123 F. Supp. 3d at 768.

Here, the Complaint contains mere conclusory statements and provides no factual basis for the assertion that any specific information has been withheld from the document she admits

receiving. Ms. Frazier's Complaint should be dismissed because she has alleged no facts sufficient to support any recognizable cause of action under § 1681g.

## **CONCLUSION**

Defendant Equifax respectfully requests that this Honorable Court dismiss Ms. Frazier's Complaint pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted this 6th day of March, 2018.

                                         */s/ Nathan D. Adler*
                                         Nathan Daniel Adler, Esq.
                                         Bar No: 22645
                                         Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
                                         One South Street, 27th Floor
                                         Baltimore, Maryland 21202-3201
                                         (410) 332-8516
                                         (410) 332-8517 – Fax
                                         nda@nqgrg.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and via U.S. Mail to:

Joahn Barron Frazier
P.O. Box 25
Hagerstown, MD 21741

Jon G. Heintz
Jones Day
51 Louisiana Ave
Washington, DC 20001

Robert J. Schuckit
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

                                          */s/ Nathan D. Adler*
                                          Nathan Daniel Adler