# EXHIBIT 2

# McDonald v. Equifax Inc., et al.

2017 WL 879224
Only the Westlaw citation is currently available.
United States District Court,
N.D. Texas, Dallas Division.

Michael L. MCDONALD, Plaintiff,
v.
EQUIFAX INC., Experian, Inc.,
and Trans Union, LLC, Defendants.

CIVIL ACTION NO. 3:15-CV-3212-B
|
Signed 03/06/2017

**Attorneys and Law Firms**

Michael L. McDonald, Rockwall, TX, pro se.

David Alexander Silva, Sidney Smith McClung, Jones Day, Dallas, TX, Kendall W. Carter, King & Spalding LLP, Atlanta, GA, Amanda Loughmiller, Strasburger & Price, LLP, Frisco, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER

JANE J. BOYLE, UNITED STATES DISTRICT JUDGE

**\*1** Before the Court are: (1) Defendants Trans Union, LLC (Trans Union) and Experian Information Solution, Inc.'s (Experian) Joint Motion for Summary Judgment (Doc. 26); (2) Defendant Equifax, Inc.'s (Equifax) Motion for Summary Judgment (Doc. 30); and (3) Trans Union and Experian's Objections and Motion to Strike Plaintiff's Statements and Evidence Contained in Plaintiff's Response to Defendants' Joint Motion for Summary Judgment (Doc. 35). For the following reasons the Court **GRANTS** Trans Union and Experian's Joint Motion for Summary Judgment (Doc. 26); **GRANTS** Equifax's Motion for Summary Judgment (Doc. 30); and **DENIES as MOOT** Trans Union and Experian's Objections and Motion to Strike (Doc. 35).

### I.

### BACKGROUND

*A. Factual Background*[1]

This is a Fair Credit Reporting Act (FCRA) case arising from Plaintiff's allegations that three credit reporting agencies have failed to accurately report his credit information. Doc. 1-3, Pl.'s Original Pet. 2 [hereinafter Pl.'s Compl.]. The three organizations are: Equifax, Experian, and Trans Union. *Id.* at 1. Before this suit, Plaintiff brought another suit in 2008 against the same three defendants in state court that was removed to this Court. Notice of Removal, *McDonald v. Equifax, Inc. (*3:08-CV-0547-B). In that suit, Plaintiff alleged that errors on his credit reports caused him to be denied credit and asserted claims for violations of the FCRA. Mem. Order at 1, *McDonald v. Equifax, Inc.* (3:08-CV-0547-B), 2009 WL 2835753, at *1. The case terminated in 2009 upon this Court's granting of Trans Union and Equifax's Motion for Summary Judgment. Mem. Order at 9, *McDonald v. Equifax, Inc.* (3:08-CV-0547-B), 2009 WL 2835753, at *4.

Here, Plaintiff alleges that following the dismissal of the 2008 suit, Trans Union has "taken vengeance" against Plaintiff. Doc. 1-3, Pl.'s Compl. 2. Plaintiff asserts that he has not been able to obtain a copy of his credit report from Trans Union and that the representative he spoke to was later ordered to hang up on Plaintiff whenever he called. *Id.* Plaintiff claims that he is still able to speak to a different individual, but when he is given a credit report it is always a "partial" report or the "stripped down version." *Id.* Plaintiff asserts that the errors that existed at the time of the 2008 suit have yet to be corrected. *Id.* The reported information allegedly contains incorrect social security numbers, phone numbers, and addresses. *Id.* Regarding Equifax and Experian, Plaintiff argues that he continues to attempt to obtain an accurate credit report, but their reports still have incorrect information. *Id.*

Plaintiff contends that these actions violate the FCRA[2] and constitute negligence and negligence per se. *Id.* at 3–4. Plaintiff's Complaint also asserts a request for declaratory judgment, and further relief which the Court construes as a request for injunctive relief. *Id.* at 3.

*B. Procedural Background*
**\*2** Plaintiff brought this suit in state court in August 2015, and Defendants removed it to this Court in October 2015. Doc. 1, Notice of Removal; Doc. 1-3, Pl.'s Compl.

In December 2015 Defendants served Plaintiff with discovery requests, including Requests for Admissions. Doc. 27, Trans Union and Experian's Br. ¶ 4; Doc. 20, Def. Trans Union's First Req. for Admis. to Pl., Ex. 1-A1 [hereinafter Trans Union's Req.]; Doc. 20, Def. Experian's First Set of Req. for Admis. to Pl., Ex. 2-A1 [hereinafter Experian's Req.]; Doc. 20, Def. Equifax's First Req. for Admis. to Pl., Ex. 3-8A [hereinafter Equifax's Req.].

After Plaintiff failed to respond within 30 days, Defendants filed a Joint Motion Requesting the Court to Declare Plaintiff's Admissions Deemed (Doc. 19). The Court denied the Motion as moot because [Federal Rule of Civil Procedure 36(a)](#) provides that when there has been no response to a request for admission by the prescribed deadline, the requested admission is deemed admitted without any further action by the Court. Doc. 23, Order. Defendants' request, then, was unnecessary because the admissions were automatically deemed admitted. *See id.*

Trans Union and Experian then filed a Joint Motion for Summary Judgment on July 19, 2016. Doc. 26. Equifax filed a Motion for Summary Judgment on the same day. Doc. 30. Plaintiff filed what appears to be a Response to both motions. Doc. 34, Pl.'s Resp. Trans Union and Experian filed a Reply (Doc. 37), and Equifax filed a Reply as well (Doc. 38). Without obtaining leave of Court, Plaintiff filed a Sur-Reply. Doc. 44. With leave of Court, all three Defendants filed a second Reply. Doc. 51. Both Motions for Summary Judgment are thus ripe for the Court's review.

Trans Union and Experian also filed Objections and Motion to Strike Plaintiff's Statements and Evidence Contained in Plaintiff's Response to Defendants' Joint Motion for Summary Judgment. Doc. 35 [hereinafter Trans Union and Experian's Mot. to Strike]. Plaintiff filed an Objection to their Motion to Strike. Doc. 43. Trans Union and Experian filed a Reply. Doc. 46. This Motion, too, is ripe for the Court's review.

## II.

## LEGAL STANDARD

*A. General Summary Judgment Standard*
Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." [Fed. R. Civ. P. 56(a)](#). A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." [*Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007)](#). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. [*Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990)](#). Usually, this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." [*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)](#) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. [*Id.* at 322–23](#).

If the movant meets that burden, then it falls to the non-movant to "show with significant probative evidence that there exists a genuine issue of material fact." [*Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)](#) (internal quotation marks omitted) (citing [*Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)](#)). And significant probative evidence is just that: significant. *See* [*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)](#) (per curiam). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." [*Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014)](#) (citing [*Celotex*, 477 U.S. at 324](#)).

**\*3** To be sure, the court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists. [*Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000)](#). But it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." [*Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)](#) (quoting [*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)](#)). Simply put, the non-movant must "identify

specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

*B. Deemed Admissions*

Federal Rule of Civil Procedure 36 allows a party to serve written requests to admit the truth of any matters within the scope of discovery that relate to facts or the application of law to facts. Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter...." Fed. R. Civ. P. 36(a)(3). A matter admitted "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Under Federal Rule of Civil Procedure 56(c)(1)(A), admissions are listed as proper summary judgment evidence that can be used to show that there is an absence or presence of a genuinely disputed fact. Therefore, deemed admissions can disprove allegations in a plaintiff's complaint. *Dingler v. Equifax Info. Servs., L.L.C.*, 3:12-cv-455-M-BF, 2014 WL 1317511, at *3 (N.D. Tex. Feb. 28, 2014), *adopted by* 2014 WL 1325574 (N.D. Tex. Mar. 31, 2014). If the requests for admission concern an essential issue or element, "the failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party." *Hill v. Breazeale*, 197 Fed.Appx. 331, 336 (5th Cir. 2006) (citing *Dukes v. S.C. Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985)). Because deemed admissions, even those obtained by default, are conclusive as to the matters admitted, "they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record." *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing *Dukes*, 770 F.2d at 548–49). The proper method for a litigant who wishes to avoid these consequences is to move the court to amend or withdraw the default admissions in accordance with the standard in Rule 36(b). Fed. R. Civ. P. 36(b); *In re Carney*, 258 F.3d at 420.

While the Court liberally construes the pleadings of *pro se* litigants, it is not obligated under Rule 56 to search the record to find evidence supporting a party's opposition to a summary judgment motion. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (citing *Ragas*, 136 F.3d at 458); *Dingler*, 2014 WL 1317511, at *3. Furthermore, "deemed admissions under Rule 36 can be applied against *pro se* litigants." *Dingler*, 2014 WL 1317511, at *3 (citing *Hill*, 197 Fed.Appx. at 336).

III.

ANALYSIS

Trans Union and Experian moved for summary judgment on three grounds: (1) Plaintiff's deemed admissions preclude him from establishing a prima facie case against Trans Union and Experian; (2) even if the admissions were not deemed admitted, Plaintiff has no evidence to support his claims against Trans Union and Experian; and (3) Trans Union and Experian have affirmative evidence that they did not violate the FCRA and that Plaintiff's negligence claim is preempted by the FCRA. Doc. 27, Trans Union & Experian's Br. ¶¶ 13–14, 21. Equifax moves for summary judgment on three grounds: (1) Plaintiff's deemed admissions are sufficient grounds for summary judgment; (2) Plaintiff has no evidence to support his claims; and (3)Equifax is not a consumer reporting agency under the FCRA. Doc. 31, Equifax's Br. 6–12.

 *4 The Court will analyze Trans Union and Experian's Motion concurrently with Equifax's Motion, organizing its analysis by Plaintiff's causes of action. Therefore, the Court considers Plaintiff's claims in the following order: (1) FCRA violations; (2) negligence and negligence per se; and (3) declaratory judgment and injunctive relief.

*A. FCRA Violations*

The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). "The [FCRA] imposes civil liability on any 'person' ... who willfully, § 1681n, or negligently, § 1681o, fails to 'comply with any requirement imposed' under the Act." *Ausherman v. Bank of Am. Corp.*, 352 F.3d 896, 899–90 (4th Cir. 2003) (quoting 15 U.S.C. §§ 1681n, 1681o). The Court considers Plaintiff's FCRA claims against each Defendant separately.

1. Trans Union

With regard to Trans Union, the Court has construed Plaintiff's Complaint as alleging both negligent and willful violations of §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(5)(A), and 1681g(a) of the FCRA. Trans Union argues that the Court should grant summary judgment in its favor because Plaintiff's deemed admissions are fatal to his FCRA claims. Doc. 27, Trans Union and Experian's Br. ¶¶ 15–16. Specifically, Trans Union indicates that Plaintiff has admitted that Trans Union did not willfully or negligently violate any provision of the FCRA, and that there were no inaccuracies in any Trans Union credit report. *Id.* ¶¶ 15–18 (citing Doc. 20, Trans Union's Req., Ex. 1-A1, at 4, 6). Plaintiff also admits that he sustained no damages from Trans Union's actions. Doc. 20, Trans Union's Req., Ex. 1-A1, at 5–6. And Trans Union contends that damages are an essential element of Plaintiff's claims, so summary judgment is appropriate. Doc. 27, Trans Union and Experian's Br. ¶¶ 19–20.

Causation of damages is an essential element to proving a CRA negligently violated any provision of the FCRA. *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 435 (5th Cir. 2016) (determining the plaintiff failed to raise a fact issue on causation of damages, an essential element of her claim, when she could not point to evidence that a denial of a home loan repair was caused by the defendant); *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 861 F.2d 446, 448 (5th Cir. 1988) (noting that proof of damage is an essential part of a plaintiff's case alleging a negligent violation of the FCRA); *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697–98 (W.D. Tex. 1994) (finding proof of damages to be an essential element of an action under the FCRA because the statute is not meant to impose strict liability for errors); *Dingler*, 2014 WL 1317511, at *4 (finding deemed admissions indicating defendants did not violate the FCRA and that the plaintiff suffered no damages were "essential" to the plaintiff's FCRA claims).

As damages are an essential element to proving a negligent violation of the FCRA, and Plaintiff's admission that he suffered no damages by Trans Union is conclusive, it is impossible for him to successfully prove a negligent violation of the FCRA against Trans Union. *See Hill*, 197 Fed.Appx. at 336. While the lack of damages precludes a claim for a negligent violation, it does not necessarily preclude a claim for a willful violation of the FCRA because a plaintiff can receive punitive damages if a CRA acted willfully, regardless of whether there are actual damages. 15 U.S.C. § 1681n(a)(2).

**\*5** But Plaintiff also admitted that Trans Union did not wilfully violate the FCRA. Doc. 20, Trans Union's Req., Ex. 1-A1, at 6. This admission is sufficient to conclude that Trans Union did not act wilfully. *See Baumstimler v. Rankin*, 677 F.2d 1061, 1072 (5th Cir. 1982) (noting that interrogatories can address the willfulness of patent infringement sufficient to provide support for an award of damages)*; Wright v. E-Sys., LLC*, 3:12-cv-4715-K-BK, 2016 WL 7802996, at *3 (N.D. Tex. Dec. 20, 2016) (finding the evidence undisputed that defendants infringed on plaintiff's patents willfully because of the defendants' deemed admissions), *adopted by* 2017 WL 169116 (N.D. Tex. Jan. 17, 2017); *J&J Sports Prods., Inc. v. Prada Invs., Inc.*, 7:14-cv-815, 2016 WL 7735339, at *4 (S.D. Tex. Apr. 28, 2016) (finding the defendants' conduct to be willful based on their deemed admission that their conduct was willful); *J&J Sports Prods., Inc. v. Los Gemelos, Inc.*, SA-14-CA-414-FB, 2015 WL 12552033, at *9 (W.D. Tex. Apr. 9, 2015) (finding the defendants to have acted willfully based on their deemed admissions indicating that they acted willfully), *adopted by* 2015 WL 12552034 (W.D. Tex. May 8, 2015). Plaintiff's admissions conclusively establish that Trans Union did not act willfully. Therefore, Plaintiff cannot succeed on a claim for a willful violation of the FCRA. *See Hill*, 197 Fed.Appx. at 336.

Plaintiff's deemed admissions conclusively establish that Trans Union neither negligently nor willfully violated any provision of the FCRA. Because Plaintiff cannot bring forth evidence to rebut deemed admissions at the summary judgment stage, and because such admissions are essential to Plaintiff's claims, summary judgment for Trans Union on Plaintiff's FCRA claims is appropriate. *See In re Carney*, 259 F.3d at 420; *Hill*, 197 Fed.Appx. at 336.

2. Equifax

With regard to Equifax, the Court has construed Plaintiff's Complaint as alleging both negligent and willful violations of §§ 1681e(b), 1681i(a)(1)(A), and 1681i(a)(5)(A) of the FCRA. Equifax argues that its Motion for Summary Judgment should be granted because Plaintiff's deemed admissions make it impossible for him to bring a successful claim under the FCRA. Doc. 31, Equifax's Br. at 6–8. In his deemed admissions, Plaintiff admits that

Equifax did not negligently or willfully violate the FCRA or any other law in its handling of Plaintiff's credit file. Doc. 20, Equifax's Req., Ex. 3-8A, at 3. Furthermore, Plaintiff admitted that he did not suffer damages by Equifax. *Id.* at 1–2.

As discussed above with Trans Union, Plaintiff's deemed admissions about his lack of damages make it impossible for Plaintiff to prove damages, and damages are an essential element of a negligent violation under the FCRA. *See* [Bacharach, 827 F.3d at 435](); [Hill, 197 Fed.Appx. at 336](). Also as discussed above with Trans Union, Plaintiff admitted that Equifax did not wilfully violate the FCRA, so it is impossible for Plaintiff to succeed on his willful violation claim against Equifax. *See* [Hill, 197 Fed.Appx. at 336](); *[In re Carney](),* [258 F.3d at 420](). Plaintiff's deemed admissions conclusively establish that Equifax did not negligently or willfully violate any provision of the FCRA. Because Plaintiff cannot bring forth evidence to rebut deemed admissions at the summary judgment stage, and because such admissions are essential to Plaintiff's claims, summary judgment for Equifax on Plaintiff's FCRA claims is appropriate. *See In re Carney*, 259 F.3d at 420; [Hill, 197 Fed.Appx. at 336]().

   3. Experian

With regard to Experian, the Court has construed Plaintiff's Complaint as alleging both negligent and willful violations of §§ 1681e(b), 1681i(a)(1)(A), and 1681i(a)(5)(A) of the FCRA. Experian, in its Joint Motion for Summary Judgment with Trans Union, also argues that Plaintiff's admissions are fatal to his FCRA claims. Doc. 27, Trans Union and Experian's Br. ¶¶ 15–16. In his deemed admissions, Plaintiff admitted Experian never failed to provide a copy of his credit disclosure, that Experian always notified him of the results, and that Experian followed reasonable procedures to ensure maximum possible accuracy. *Id.* ¶ 15 (citing Doc. 20, Experian's Req., Ex. 2-A1, at 8–9). Plaintiff also admitted that there were no inaccuracies on any Experian credit report. *Id.* ¶¶ 17–18 (citing Doc. 20, Experian's Req., Ex. 2-A1, at 3). And Plaintiff admitted that he suffered no damages as a consequence of Experian's actions. *Id.* ¶¶ 19–20 (citing Doc. 20, Experian's Req., Ex. 2-A1, at 9–10).

**\*6** As discussed above with Trans Union and Equifax, Plaintiff's deemed admissions regarding his lack of damages make it impossible for Plaintiff to prove damages, and damages are an essential element of a negligent violation under the FCRA. *See* [Bacharach, 827 F.3d at 435](); [Hill, 197 Fed.Appx. at 336](). Therefore, Plaintiff's admissions conclusively establish that Experian did not negligently violate the FCRA. Unlike as discussed above with Trans Union and Equifax, however, Experian did not request that Plaintiff admit that Experian did not willfully violate the FCRA. *See* Doc. 20, Experian's Req., Ex. 2-A1. Therefore, Experian cannot conclusively establish that it did not willfully violate the FCRA with the same kind of admission that Trans Union and Equifax could.

Alternatively, Experian argues that Plaintiff's claims fail because Plaintiff must prove that information contained in his credit files was inaccurate to succeed on proving a violation of the FCRA. Yet Plaintiff admitted that all information in his Experian credit file was accurate. Doc. 27, Trans Union and Experian's Br. ¶¶ 17–18 (citing Doc. 20, Experian's Req., Ex. 2-A1, at 3–8).

As mentioned above, the Court construed Plaintiff's Complaint to allege violations of [§ 1681e(b)]() and [§ 1681i](). "To succeed under either [Section 1681e(b)]() or [Section 1681i](), [a plaintiff] 'must prove that his consumer reports included inaccurate information.' " *Norman v. Experian Info. Sols., Inc.*, 3:12-cv-128-B, [2013 WL 1774625, at \*4 (N.D. Tex. Apr. 25, 2013)]() (citing *[Washington v. CSC Credit Servs. Inc.](),* [199 F,3d 263, 267 n.3 (5th Cir. 2000)]() ("[I]n order to pursue a cause of action based upon a willful or negligent violation of [15 U.S.C. § 1681e(b)](), the report sought to be attacked must be inaccurate."); *[DeAndrade v. Trans Union LLC](),* [523 F.3d 61, 67 (1st Cir. 2008)]() ("[T]he weight of authority in other circuits indicates that without a showing that the reported information was in fact inaccurate, a claim brought under [§ 1681i]() must fail.")). Therefore, proving inaccuracies in a credit report is an essential element of proving a violation under [§ 1681e(b)]() and [§ 1681i]().

Plaintiff admitted that all of the Experian reports were accurate, so it is conclusively established that they were accurate. *See* *[In re Carney](),* [258 F.3d at 420](). Because Plaintiff cannot bring forth evidence to rebut deemed admissions at the summary judgment stage, and because such admissions concern an essential element of Plaintiff's claims against Experian for both negligent and willful violations of the FCRA, summary judgment is appropriate for Experian on Plaintiff's FCRA claims. *See In re Carney*, 259 F.3d at 420; [Hill, 197 Fed.Appx. at 336]().

*B. Negligence and Negligence Per Se Claims*
Plaintiff brings a negligence and negligence per se claim against all three Defendants. Doc. 1-3, Pl.'s Compl. 3–4. In his Complaint, Plaintiff argues that Defendants owed Plaintiff a duty not to create and publish inaccurate credit reports as well as a duty to correct any inaccuracies. *Id.* Plaintiff contends that Defendants breached this duty and that Plaintiff has been damaged as a result. *Id.* at 4. Plaintiff further adds that Defendants acted "knowingly, intentionally, and willfully." *Id.*

Trans Union points to Plaintiff's deemed admission that his "causes of action for negligence and negligence *per se* are preempted by the Fair Credit Reporting Act" to argue that Plaintiff's claims against all three Defendants are preempted by the FCRA. Doc. 27, Trans Union and Experian's Br. ¶¶ 21–22 (citing Doc. 20, Trans Union's Req., Ex. 1-A1, at 6). "But case law in this circuit ... suggests that '[r]equests for admissions cannot be used to compel an admission of a conclusion of law.'" *Mckinney/Pearl Rest. Partners, L.P. v. Metropolitan Life Ins. Co.*, 3:14-cv-2498-B, 2016 WL 98603, at *5 (N.D. Tex. Jan. 8, 2016) (citing *Carney*, 258 F.3d at 419). Trans Union's request for Plaintiff to admit that his claim is preempted by the FCRA appears to be an attempt to compel an admission of a conclusion of law, not fact. The Court need not determine, however, whether Trans Union's request impermissibly requested an admission of law or whether that admission should be withdrawn because summary judgment is appropriate as to the negligence claims on other grounds.

*7 The FCRA indicates that "[e]xcept as provided in sections 1681n and 1681*o* ... no consumer may bring any action or proceeding in the nature of ... negligence with respect to the reporting of information against any consumer reporting agency ... except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006). Therefore, the FCRA preempts state law claims for negligence with respect to the reporting of information unless the plaintiff consumer proves malice or willful intent to injure the consumer. 15 U.S.C. § 1681h(e); *see also Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 638 (5th Cir. 2002). Plaintiff alleges that all three Defendants acted "willfully." Doc. 1-3, Pl.'s Compl. 4. Pleading malice or willfulness for purposes of FCRA preemption require the plaintiff to plead that the defendant made the statements "knowing the statements were false or with a reckless disregard of whether they were false." *Morris*, 457 F.3d at 471.[3] The Court will address each Defendant separately below.

1. Trans Union
The Court does not rely on Trans Union's argument that it is conclusively established through deemed admissions that Plaintiff's claim is preempted by the FCRA, but the Court finds that the deemed admissions do nonetheless preclude recovery for Plaintiff's negligence claims. As discussed in the previous section, Plaintiff's deemed admissions conclusively establish the facts to which Plaintiff admitted. *See In re Carney*, 259 F.3d at 420. Therefore, it is established that there were no inaccuracies in Plaintiff's credit reports from Trans Union. Doc. 20, Trans Union's Req., Ex. 1-A1, at 4. Because Plaintiff's negligence claim is based on Trans Union negligently creating inaccurate reports, his claim fails because it has already been established that they were accurate. Alternatively, it has also been established that Trans Union did not act willfully. Doc. 20, Trans Union's Req., Ex. 1-A1, at 6. Therefore, even if Trans Union had created inaccurate reports, because Trans Union did not act willfully, any negligence claim under the FCRA would likely be preempted. 15 U.S.C. § 1681h(e).

2. Experian
Similarly to Trans Union, it has already been established that the reports from Experian are accurate. Doc. 20, Experian's Req., Ex. 2-A1, at 3. Because Plaintiff's negligence claim is based on Experian negligently creating inaccurate reports, his claim fails because it has already been established that they were accurate.

3. Equifax
Unlike Trans Union and Experian, Equifax does not argue that the deemed admissions have an effect on Plaintiff's negligence or negligence per se claims. Instead, Equifax argues that Plaintiff's negligence claims fail because Plaintiff lacks evidence that Equifax acted willfully or with malice in issuing credit reports because Plaintiff cannot show that Equifax ever issued a credit report at all. Doc. 31, Equifax's Br. 10. Other than this contention, Equifax does not cite to any evidence in support. *See id.* Later in its brief, however, Equifax

cites to an attached Declaration in support of a similar argument. *See id.* The Declaration is from the Assistant General Counsel and Assistant Corporation Secretary of Equifax, who states that Equifax did not receive, assemble or otherwise deal with Plaintiff's consumer credit information, and it did not prepare or furnish a consumer credit report to Plaintiff. Doc. 32, Equifax's App., Stockard Decl. Ex. B, at 8. Therefore, Equifax, as the movant, has met its burden of producing evidence demonstrating the absence of a genuine issue of material fact. *See*[*Celotex*, 477 U.S. at 323](http://...).

**\*8** As a result Plaintiff must now show evidence that creates a genuine issue of material fact. *See*[*Hamilton*, 232 F.3d at 477](http://...). In response to Equifax's Motion, Plaintiff filed three handwritten pages and two letters. *See* Doc. 34, Pl.'s Resp. Without determining whether the evidence is admissible summary judgment evidence, the Court concludes that it does not create a genuine issue of material fact over Equifax's contention that it never supplied Plaintiff with a credit report. *See*[*Celotex*, 477 U.S. at 324](http://...). The two letters indicate that Plaintiff was denied credit based on a report from Equifax Information Services, LLC (EIS) but it does not mention Equifax, a separate entity. *See* Doc. 34, Pl.'s Resp. 5–6. Therefore, even if they were admissible, the letters do not create a genuine dispute of material fact because they do not relate to Equifax.

Plaintiff also includes three handwritten pages, presumably written by Plaintiff, that state Equifax has not furnished Plaintiff with his credit information, that Equifax is withholding his credit information, and that Equifax does not report his credit. Doc. 34, Pl.'s Resp. 7–9. Without ruling on the admissibility of the handwritten pages, the Court finds that these statements do not rebut Equifax's contention. Rather, they support Equifax's contention that it did not furnish Plaintiff with a credit report.

Plaintiff also filed a Sur-Reply [4] (Doc. 44). Plaintiff's Sur-Reply contains an affidavit executed by Plaintiff that does not address whether Equifax or EIS supplied the credit reports. *See* Doc. 44, Pl.'s Sur-Reply. He attached a 2016 credit report from EIS, not Equifax. *See id.* Plaintiff also includes a 2006 credit report with annotations, presumably made by Plaintiff, pointing out all of the alleged errors. *See id.* At the end of the report, however, it states that it was prepared by Gateway System and lists Trans Union, Experian, and EIS in addition. *See id.* Plaintiff filed a brief with his Sur-Reply, but it concerns only Plaintiff's intent to obtain a new lawyer. So it, too, fails to create a genuine issue of material fact over Equifax's contention that it did not provide a credit report to Plaintiff. *See* Doc. 45, Pl.'s Br. in Supp. Sur-Reply.

Elsewhere in the record Plaintiff filed several hundred more pages of documents, presumably as evidence. [5] *See* Docs. 41, 42. The Court is under no obligation to "sift through the record in search of evidence to support a party's opposition to summary judgment." [*Ragas*, 136 F.3d at 458](http://...). After a brief review, however, it does not appear that there is evidence within those pages that would create a genuine issue of material fact. Plaintiff's filing seems to contain credit reports from Trans Union and EIS, other documents unrelated to Equifax, and handwritten pages unrelated to Equifax. Without ruling on its admissibility, the Court finds that Plaintiff fails to rebut Equifax's contentions with the documents filed. *See* Docs. 41, 42.

From the record, Plaintiff failed to create a genuine dispute of material fact about whether Equifax prepared or sent a credit report to Plaintiff. Therefore, Plaintiff did not satisfy his summary judgment burden with regard to his negligence claims. Thus, summary judgment for Equifax is appropriate. *See*[*Little*, 37 F.3d at 1076](http://...).

*C. Declaratory Judgment and Injunctive Relief*

**\*9** Plaintiff's Complaint asserts a request for declaratory judgment and injunctive relief under the FCRA. *Id.* at 3. Summary judgment in favor of all three Defendants is appropriate because Plaintiff is not entitled to this relief as a matter of law. The Fifth Circuit has held that private litigants may not seek injunctive relief against consumer reporting agencies under the FCRA. [*Washington v. CSC Credit Servs.*, 199 F.3d 263, 268 (5th Cir. 2000)](http://...); [*Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005)](http://...). Private litigants seeking to bring an action under the FCRA are limited to the remedies provided them in [sections 1681n](http://...) and [1681*o*](http://...), which are limited to statutory, actual, and punitive damages, including attorney's fees. [*Poulson*, 370 F. Supp. 2d at 593](http://...) (citing [15 U.S.C. §§ 1681n](http://...), o). Therefore, there is no legal basis for Plaintiff's claims for declaratory judgment or injunctive relief under the FCRA, and Plaintiff is not entitled to such relief. [6]

*D. Experian and Trans Union's Objections and Motion to Strike Plaintiff's Response*

Trans Union and Experian also filed a Motion to Strike Plaintiff's evidence contained in his Response to their Joint Motion for Summary Judgment. Doc. 35. The Court need not consider this Motion because Plaintiff cannot rebut deemed admissions with evidence. *See In re Carney*, 258 F.3d at 420. Furthermore, the only issue where the deemed admissions were not determinative, Equifax's contention that it never supplied a credit report to Plaintiff, could be determined without considering the admissibility of Plaintiff's evidence. As granting Defendants' Motions for Summary Judgment will terminate the case, the Court **DENIES** Defendants' Motion as **MOOT** because it is not necessary to decide whether Plaintiff's evidence is admissible.

### IV.

### CONCLUSION

For the foregoing reasons, the Court (1) **GRANTS** Trans Union and Experian's Joint Motion for Summary Judgment (Doc. 26); (2) **GRANTS** Equifax's Motion for Summary Judgment (Doc. 30); and (3) **DENIES as MOOT** Trans Union and Experian's Objections and Motions to Strike (Doc. 35).

**SO ORDERED.**

**All Citations**

Slip Copy, 2017 WL 879224

Footnotes

1 The Court draws its factual account from the allegations contained Plaintiff's Complaint (Doc. 1-3), as well as from the parties' briefing on the Motions for Summary Judgment before the Court. Any contested facts are noted as such.

2 Plaintiff does not specify what section of the FCRA Defendants have allegedly violated. Rather, Plaintiff alleges that Defendants have violated the FCRA by:
   1. Failing to follow reasonable procedures to assure the maximum possible accuracy of their reports.
   2. Failure to correct erroneous information about Plaintiff after repeated and reasonable requests.
   3. Failure to remove and/or to permanently correct inaccurate and derogatory credit information about Plaintiff.
   4. Commingling information about Plaintiff and other unrelated individual.
   5. Failing to promptly and adequately investigate information that Plaintiff disputed or the Defendants otherwise had notice was inaccurate.
   6. Continuing to place, restoring and/or failing to delete, information that Plaintiff disputed or the Defendants otherwise had notice was inaccurate.
   7. Failing to take adequate steps to verify information concerning Plaintiff and/or Plaintiff's alleged debts that Defendants had reason to believe was not accurate before placing it on Defendants' reports.

   Doc. 1-3, Pls.' Compl. 3. Plaintiff's allegations align with four provisions of the FCRA. The first, fourth, and seventh allegations listed correspond to 15 U.S.C. § 1681e(b), which requires consumer reporting agencies (CRAs) to follow reasonable procedures to assure the maximum possible accuracy of the information when preparing a consumer report. The second, third, and sixth allegations correspond to § 1681i(a)(5)(A), which prohibits CRAs from failing to delete or modify information found to be inaccurate in the consumer's credit file. And the fifth allegation listed corresponds to § 1681i(a)(1)(A), which requires CRAs to conduct a reasonable reinvestigation to determine the accuracy of information in a consumer report upon notice that it is disputed. Besides Plaintiff's listed allegations, it appears that Plaintiff also alleges a violation of § 1681g(a) against Trans Union. That section requires a CRA to disclose all information in the consumer's file upon request by the consumer, and Plaintiff accuses Trans Union of failing to disclose his full report upon request.

3 The Court recognizes that another Norther District of Texas court found that the requirement to prove intentional or malicious negligence to be inherently contradictory. *Carlson v. Trans Union, LLC*, 261 F. Supp. 2d 663, 665 (N.D. Tex. 2003). That court found that there is no cause of action under Texas law for negligence where the offending action was taken with intent to injure. *Id.* Therefore, a plaintiff alleging that § 1681h(e) does not preempt a negligence claim because the defendant was willful, must fail to state a claim on which relief may be granted. *Id.* While this conclusion appears to apply to the facts at hand, because the Court finds summary judgment is appropriate on other grounds, it need not address whether a state-law negligence claim is always preempted under the FCRA.

WESTLAW   © 2017 Thomson Reuters. No claim to original U.S. Government Works.   8

4       The Court recognizes that Plaintiff filed his Sur-Reply without leave of Court in violation of Local Rule 56.7. N.D. Tex. Civ. R. 56.7. The Court need not make a determination on the permissibility of Plaintiff's action because as further discussed, the additional evidence does not create a genuine issue of material fact.

5       Similar to the Sur-Reply, the Court recognizes that these documents were filed without leave of Court in violation of Local Rule 56.7. N.D. Tex. Civ. R. 56.7. And again, the Court need not make a determination on whether the Court will nonetheless allow it to remain because the evidence does not create a genuine issue of material fact.

6       The Court recognizes that it previously found that Plaintiff was not entitled to a declaratory judgment or injunctive relief as a matter of law in 2008 lawsuit. *McDonald v. Equifax, Inc.* 3:08-CV-0547-B, Doc. 35, Mem. Op. & Order. Because the outcome is unchanged, and because parties did not argue otherwise, the Court finds it unnecessary to discuss what implication *res judicata* has as to Plaintiff's seemingly identical request for a declaratory judgment and injunctive relief.

**End of Document**          © 2017 Thomson Reuters. No claim to original U.S. Government Works.