# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND (BALTIMORE)

---

JOHAN BARRON FRAZIER,　　　　　　　　CASE NO.  1:18-cv-00067-JKB
　　　　　Plaintiff,

　　　vs.

EXPERIAN INFORMATION SOLUTIONS,
INC.; TRANS UNION, LLC; and
EQUIFAX, INC.
　　　　　　Defendants.

---

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

---

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's First Amended Complaint (the "Amended Complaint") as follows.  For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## JURISDICTION

1.　　　This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

2.　　　All conditions precedent to the bringing of this action have been performed.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

3.　　　The Plaintiff in this lawsuit is Joahn Barron Frazier, a natural person, who resides in the State of Maryland.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

4.     Defendant Experian Information Solutions, Inc. (Experian) along with its subsidiaries, affiliates and partners operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 et seq. and maintains corporate offices at 475 Anton Blvd., Costa Mesa, CA 92626.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.     Experian, its subsidiaries and partners sell consumer information and data derived from consumer information in its consumer file(s) in a number of products and services to customers such as the debt collection industry offering their "First to Their Wallet" service as just one example and generates hundreds of millions of dollars in revenue annually.  Experian gathers massive amounts of consumer information on a daily basis as stated on its web page[1] "Experian's U.S. Consumer View marketing database covers over 300 million individuals and 126 million households.  With the freshest data compiled from hundreds of public and proprietary sources, Experian has thousands of powerful data points to help marketers reach their targeting goals, including demographics, purchasing habits, lifestyles, interests and attitudes." Experian markets a product for businesses to target people for financial products using its financial data solutions stating "Experian's Financial and Wealth Audience's suite of solutions can help you accurately target consumers for financial services offerings using wealth indicator audiences, developed through our exclusive partnership with First Manhattan Consulting Group (FMCG Direct)" on that same web page.

---

[1] https://www.experian.com/marketing-services/targeting/data-driven-marketing.html (last visited 3-12-18)

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6. Defendant Equifax, Inc. (Equifax) along with its subsidiaries *operate* as a Consumer Reporting Agency ("CRA") regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 et seq. with Equifax Inc. corporate offices at 1550 Peachtree Street, Atlanta, GA 30309. Equifax, Inc. is the parent of Equifax Information Services, LLC (EIS). In prior litigation, it has taken the position it is not itself a "consumer reporting agency" governed by the FCRA. See 15 U.S.C. § 1681a(f). ("The term 'consumer reporting agency' means any person, who for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.")

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. But of course, Equifax, Inc. is a consumer reporting agency. For purposes of the FCRA Equifax, Inc. has held itself out repeatedly to consumers, regulators and the public generally as the actual operating entity. The branding, labels and disclosures on the Defendants' consumer website is dominated by "Equifax, Inc." titling.[2] Defendants have held Equifax, Inc. out as the operating and responsible entity along with EIS which they readily acknowledge as being a consumer reporting agency.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

---

[2] https://www.equifax.com/persorial/ **(last visited 3-12-18)**

8.      Equifax, Inc. and its subsidiaries such as Equifax Information Services LLC (EIS) and Equifax Consumer Services, LLC (ECS) *operate* as alter egos of one another and freely transfer communications from consumers, as well as consumer information and data based on consumer information and communications, between the entities for commercial purposes without restriction and to treat them as separate entities would promote fraud and sanction injustice.

**ANSWER:**      Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

9.      Equifax, Inc. and its subsidiaries including EIS *operate* using the same "Equifax" logo with no differentiation between entities when interacting with consumers via mail and otherwise.  By virtue of different subsidiaries and divisions operating without any impediments of corporate structure using the same logo as Equifax Inc. an unsophisticated consumer would not know one Equifax entity from another.

**ANSWER:**      Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

10.      Equifax, Inc. has used EIS and ECS and other subsidiaries as dependent and integrated divisions rather than separate legal entities.  The business operations are fully coordinated and shared resources are cross-applied without full and complete profit and cost centers.  Management decisions at EIS and ECS as well as other divisions are made by and through Equifax, Inc.  And [sic] the entities largely hold themselves out as a single uniform business entity exchanging and selling consumer information as well as data derived from consumer information and communications it holds in its consumer files.  Its customer base is vast including state and federal governments generating hundreds of millions if not billions of dollars in revenue annually.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

11. The FCRA, through a rule mandated at § 1681x expressly prohibits "a consumer reporting agency from circumventing or evading treatment as a nationwide consumer reporting agency" by means of corporate organization or restructuring.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12. Equifax, Inc. and its subsidiaries - whether or not they observe state law corporate formalities - have eliminated nearly all lines between their different business entities in the collection, maintenance, sharing and furnishing of consumer reporting information. Equifax, Inc. entities such as EIS regularly share FCRA restricted information with sibling ECS to market and profit from the sale of identity theft products including the blurring of legal lines between providing file information under the FCRA versus private sale to the consumer. It does so with a number of Equifax related entities such as TALX Corporation, eThority, Anakam, Inc. not to mention Equifax Mortgage Services.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13. To remain separate and distinct for purposes of liability in this action, Defendants Equifax, Inc. and Equifax Information Services, LLC ***must operate*** as separate and legally as well as operationally distinct entities. Here for matters alleged and relevant herein, EIS is merely an alter ego of Equifax, Inc. For purposes of how consumer data was handled, warehoused, used and sold the corporate lines were disregarded in practice. EIS, ECS and other subsidiaries of Equifax, Inc. are mere instrumentalities for the transaction of the corporate consumer credit business. Equifax, Inc., EIS, ECS and other subsidiaries

share full unity of interest such that the separate personalities of the corporation and subsidiaries no longer exist as they operate as one consumer reporting agency under the FCRA.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

14. Defendant Trans Union, LLC (Trans Union) along with its subsidiaries and affiliates operates as a Consumer Reporting Agency regulated by the Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 *et seq.* with corporate offices at 555 W. Adams Street Chicago, IL 60661. Trans Union operates as a single FCRA governed consumer reporting agency. Trans Union, LLC has structured itself in order to warehouse its sale of credit reporting consumer reports in one entity and its sale of criminal history, employment, landlord-tenant purposed, etc. consumer reports in other entities. However, it freely transfers data between units and operates without any impediments of corporate structure. In almost every material regard, the Trans Union units ***operate*** as if they are one and the same, a single consumer reporting agency.

**ANSWER:** Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## VENUE

15. The occurrences which give rise to this action occurred in the State of Maryland and Plaintiff resides in the State of Maryland.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.     Venue is proper in the District of Maryland.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

<u>**GENERAL ALLEGATIONS**</u>

17.     Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Experian on September 25, 2017.  See Exhibit A attached.

**ANSWER:** Trans Union states that the document identified as Exhibit A speaks for itself.[3]  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18.     In response to her very specific request for her full consumer file disclosure Plaintiff received a credit report which was not responsive to her request.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

19.     Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Equifax on September 23, 2017.  See Exhibit B attached.

**ANSWER:** Trans Union states that the document identified as Exhibit B speaks for itself.  Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

---

[3] Although Plaintiff's Amended Complaint references a number of exhibits, no such exhibits were filed or served upon Trans Union.  It appearing, however, that Plaintiff intended to incorporate the exhibits submitted with her original Complaint [Doc. No. 1], Trans Union responds accordingly.

20.    In response to her very specific request for her full consumer file disclosure Plaintiff received a letter which was not responsive to her request.  See Exhibit C.

**ANSWER:**  Trans Union states that the document identified as Exhibit C speaks for itself. Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

21.    Plaintiff made a written request sent by certified mail for a copy of her full consumer file disclosure which was received by Trans Union on September 26, 2017.  See Exhibit D attached,

**ANSWER:**  Trans Union states that the document identified as Exhibit D speaks for itself. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

22.    In response to her very specific request for her full consumer file disclosure Plaintiff received a letter which was not responsive to her request.  See Exhibit E

**ANSWER:**  Trans Union states that the document identified as Exhibit E speaks for itself. Trans Union denies the remaining allegations contained in this paragraph.

23.    Plaintiff, in making the exact same request of each of the Defendants, specified in great detail exactly what specific sections of the Fair Credit Reporting Act (FCRA) requires each Defendant to provide a full consumer file disclosure at least once per year at no charge when a request is made by a consumer.  See Exhibits A, B, & D attached.

**ANSWER:** Trans Union states that the documents identified as Exhibits A, B and D respectively speak for themselves. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

24. Plaintiff's request for a full consumer file disclosure from each Defendant was the first request for a disclosure within 12 months, and identification in the form of a copy of her social security card and Maryland state driver's license was attached to the request for identification.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

25. After receiving a response from each Defendant that did not comply with the request made, Plaintiff made a second and final request for a full consumer file disclosure pursuant to the FCRA of each Defendant. See Exhibit F-H attached. Identification in the form of a copy of Plaintiff's social security card and driver's license was again sent for identification.

**ANSWER:** Trans Union states that the documents identified as Exhibits F-H respectively speak for themselves. Trans Union denies the allegation in this paragraph that, "a response from [Trans Union] did not comply with the request made." Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

26. **At no time did Plaintiff make any request for a credit report/disclosure or credit file** from the Defendants but instead was very specific in requesting a **full consumer file disclosure** pursuant to 15 U.S.C. § 1681g(a)(l) as outlined in the initial request. See Exhibit [sic] A, B & D.

**ANSWER:**  Trans Union states that the documents identified as Exhibits A, B and D respectively speak for themselves.  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

27.     In response to Plaintiff's second request for a full consumer file disclosure to Experian she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28.     In response to Plaintiff's second request for a full consumer file disclosure to Equifax she received a credit report which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29.     In response to Plaintiff's second request for a full consumer file disclosure to Trans Union she received nothing, which was not responsive to her request as required by 15 U.S.C. § 1681g(a)(l).

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

30.     All documents provided to Defendants in relation to identity and location information were in clearly legible form and in compliance with 15 U.S.C. § 1681h.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

31.     In each case with each Defendant there was only communication in the form of letters requesting Plaintiff's full consumer file disclosure and response(s) by each Defendant with no other party

involved in the communications between the parties other than the United States Postal Service (USPS) which transported documents between the parties.

**ANSWER:**    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

32.    Plaintiff was well aware of the recent hack of the Equifax database and had reason to believe that more information than she had ever received in a conventional credit report in the past had been stolen just from the massive publicity surrounding the hack and her study of the consumer protection statutes including the FCRA.  She had been studying the FCRA prior to the hack and already realized there was substantial information that companies like Equifax, Experian and Trans Union had in their file(s) about consumers than had been included in a conventional credit report she had received previously. Plaintiff had no direct knowledge of specific information regarding herself that might be in Defendants' file(s).  That information, if it existed, could only be obtained through requesting a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l) rather than asking for a conventional credit report as she had in the past either through www.annualcreditreport.com or directly from the Defendants.

**ANSWER:**    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33.    Plaintiff did NOT request a credit report, credit disclosure, or anything else using the words "credit" or "report" in any manner from any Defendant at any time related to this lawsuit but instead made a request for her full consumer file disclosure and nothing else.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

34. Upon information and belief there is substantial information relating to the Plaintiff that is contained in all Defendants' files that has not been disclosed to her including, but not limited to, information that was previously shown in her credit reports that is now archived and additional information that is provided to prospective creditors, insurers or employers who request information on Plaintiff that she has never seen or has been made aware of.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Upon information and belief, the information that is not disclosed to Plaintiff contains negative codes among other things that are provided to prospective creditors, insurers or employers which directly affect how that prospective creditor, insurer or employer would view the Plaintiff in terms of granting credit, rating insurance policies or providing employment or even providing housing.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36. This undisclosed information has never been provided to Plaintiff even when it was requested so she could examine it for accuracy. It could be blatantly false or at the least misleading, and without disclosure by the Defendants, she would not have the opportunity to dispute the accuracy or

veracity of it which she is legally entitled to do under the law. Disclosure of false or misleading information to prospective creditors, insurers or employers that Plaintiff knows nothing about could paint her in a false light where she could be denied credit or employment or pay higher interest rates on credit if it was granted and higher premiums for insurance harming her substantially.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.    Upon information and belief Defendants have far more information relating to Plaintiff in their files and databases including archived information that Plaintiff has never had access to or had the opportunity to review for accuracy that [sic] is provided to others when they make a request for her file. This, information has been properly requested by Plaintiff multiple times and is required to be disclosed under 15 U.S.C. § 168lg(a)(l) when a proper request is made by a consumer. The Defendants have repeatedly refused to provide Plaintiff with her full consumer file disclosure after multiple requests. Her requests were very specific in nature and could not possibly be misconstrued as a request for her credit report by Defendants.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.    Plaintiff never made any request of Defendants that used the words "credit" or "report" in any manner or context but made a straightforward and very clear request **ONLY** for a full consumer file

disclosure (See Exhibits) to which she is entitled under 15 U.S.C. § 1681g(a)(l) and all Defendants failed to provide her full consumer file disclosure as required by the FCRA.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.     Plaintiff clearly is not making any claim regarding information that HAS been provided to a third party that she is aware of.  The sole issue in this lawsuit revolves around the fact that she has not had access to ALL information in her full consumer file that may have been at some time in the past provided to an unknown third party or MIGHT be provided at some time in the future to a third party and she is entitled to have access to by law to review for accuracy.

**ANSWER:**     Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.     Plaintiff made no requests for information such as credit scores, default dates, predictors or other ancillary information related to how the Defendants hold and/or manage the consumer information they have in their file(s) on individual consumers.  The ONLY information requested by Plaintiff was a full consumer file disclosure of information *directly* related to her as a consumer that affects her credit worthiness, credit standing and credit capacity but also general reputation, personal characteristics, or mode of living among other things.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.     Because Plaintiff has not had access to that undisclosed information she has therefore had no opportunity to review it and dispute the accuracy of it, if it is found to be false, yet it is provided to potential creditors, insurers and employers without her knowledge and purposely and illegally concealed from her.

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.     Upon information and belief when a report is provided by the Defendants to a potential creditor, insurer or employer that information is provided in an encrypted format with instructions to the user that the consumer is NOT to be shown that information.  There is no prohibition in the law that information obtained by a user cannot be provided to the consumer if a request for it is made yet instructions from the Defendants are to the contrary, Why?

**ANSWER:** Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

43.     One can only surmise that there must be some nefarious reason why that information should not be provided to the consumer that is sent to the user in an encrypted format with instructions to the user to conceal it from the consumer.  It obviously must contain information that the consumer has never seen, and the consumer reporting agencies don't want her to see it for some unknown reason.  This is obviously not in concert with the mandate of full disclosure clearly articulated in the FCRA in unambiguous plain language.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.     Plaintiff made multiple specific requests of each of the Defendants for a full consumer file disclosure as clearly stated in 15 U.S.C. § 1681g(a)(l) and all Defendants have failed to comply with the requests and are therefore in violation of the FCRA.

**ANSWER:**  Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.     The claims made in this lawsuit are in NO manner related to the data breach that occurred with Equifax.  The claims herein are entirely focused on the very simple premise that all Defendants failed to provide a **full consumer file disclosure** of all information in their files to Plaintiff upon her multiple requests as required by 15 U.S.C. § 1681g(a)(1).  There is no relation of any claims made herein to any issues with the Equifax data breach.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

46.    The actions of all Defendants occurred within the past 2 years and are within the Statute of Limitations under the FCRA.

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**COUNT I**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681,
WILLFUL NON-COMPLIANCE BY DEFENDANT
EXPERIAN INFORMATION SOLUTIONS INC.**

47.    Paragraphs 1 through 30 are re-alleged as though fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

48.    Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

49.    Experian is a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

50.     Experian repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against Experian for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**  Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT TRANS UNION LLC

51.     Paragraphs 1 through 50 are re-alleged as though fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

52.     Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

53.     Trans Union operates as a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**  Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

54.     Trans Union repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:**  Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Plaintiff demands judgment for damages against Trans Union for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:**  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## COUNT III

## VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, WILLFUL NON-COMPLIANCE BY DEFENDANT EQUIFAX, INC.

55.     Paragraphs 1 through 54 are re-alleged as though fully set forth herein.

**ANSWER:**  Trans Union reasserts its answers and responses set forth herein.

56.     Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

57.     Equifax and its alter ego Equifax Information Services, LLC operate as a consumer reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

**ANSWER:**  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

58.     Equifax and Equifax Information Services, LLC repeatedly failed to comply with Plaintiff's multiple requests for a full consumer file disclosure pursuant to 15 U.S.C. § 1681g(a)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE, Plaintiff demands judgment for damages against EQUIFAX INC. and Equifax Information Services, LLC for statutory damages of $1000.00, any attorney's fees, and all costs pursuant to 15 U.S.C. § 1681n.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted. Here, the only information Plaintiff alleges that Trans Union wrongly failed to disclose to her consists of "information that was previously shown in her credit reports" (i.e. "obsolete and archived information") and "negative codes … that are provided to prospective creditors, insurers or employers which directly affect how the prospective creditor, insurer or employer would view the Plaintiff …." See Amended Complaint ¶¶ 34-35 and Exhibit D.  Contrary to such allegations, Section 1681g(a) of the FCRA only requires a consumer reporting agency to disclose "information in the consumer's file <u>at</u> <u>the</u> <u>time</u> <u>of</u> <u>the</u> <u>request</u>" and expressly excludes "any information concerning credit scores or any other risk scores or

predictors relating to the consumer." <u>See</u> 15 U.S.C. § 1681g(a)(1) (emphasis added). Moreover, Section 1681c of the FCRA expressly prohibits a consumer reporting agency from including obsolete information in a consumer report.[4] <u>See id.</u> § 1681c(a).

2. Trans Union's reports concerning Plaintiff were true or substantially true. Here, Plaintiff alleges that Trans Union provided "undisclosed information" to "prospective creditors, insurers or employers," which "could be blatantly false or at least misleading," but has not identified any specific inaccuracy in Trans Union's reporting, as required.[5] <u>See, e.g.</u>, Amended Complaint ¶¶ 36, 41; <u>see also</u> <u>Dalton v. Capital Associated Indus.</u>, 257 F.3d 409, 415 (4th Cir. 2001) ("To make out a violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information.") (internal citation omitted).

3. Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff. Here, Plaintiff alleges that Trans Union provided "undisclosed information" to "prospective creditors, insurers or employers," which "could be blatantly false or at least misleading," but has not and cannot demonstrate, as required, that Trans Union failed to follow reasonable procedures to ensure the accuracy of any information that Trans Union reported concerning Plaintiff. <u>See, e.g.</u>, Amended Complaint ¶¶ 36, 41; <u>see also</u> <u>Dalton</u>, 257 F.3d at 415 (in

---

[4] Federal courts and the Federal Trade Commission – the federal agency formerly charged with enforcing and interpreting the FCRA – have limited the scope of the term "file" in Section 1681g to such information that would be disclosed in a consumer report to a third party. <u>See, e.g.</u>, <u>Gillespie v. Trans Union Corp.</u>, 482 F.3d 907, 910 (7th Cir. 2007) ("The language of § 1681g(a)(1), the FTC's interpretive guideline, and the Senate Committee Report all support Trans Union's argument that 'file' means information included in a consumer report."). Although interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010, the CFPB has not issued any contrary interpretation.

[5] Although Plaintiff has not specifically identified Section 1681e(b) in her Amended Complaint, Plaintiff has alleged that the information in her Trans Union credit file may be "found to be false" and *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." <u>See</u> Amended Complaint ¶ 36; <u>see also</u> <u>Olekanma v. Wolfe</u>, Civil Action No. DKC 15-0984, 2016 U.S. Dist. LEXIS 13267, at *6 (D. Md. Feb. 4, 2016).

addition to alleging an inaccuracy in Trans Union's reporting, Plaintiff must demonstrate that "the reporting agency did not follow reasonable procedures to assure maximum possible accuracy.") (citing 15 U.S.C. § 1681e(b)).

4. Plaintiff has failed to take reasonable steps to mitigate her damages, if any. Here, Plaintiff seeks damages pursuant to Section 1681n of the FCRA, which expressly allows for recovery of actual damages. See 15 U.S.C. § 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of (1)(A) any actual damages sustained by the consumer as a result of the failure or damages …"). Case law holds that a plaintiff's failure to mitigate is relevant to a claim for both actual and statutory damages. See, e.g., Malibu Media, LLC v. Guastaferro, Civil Action No. 1:14-cv-1544, 2015 U.S. Dist. LEXIS 99217, at *14 (E.D. Va. July 28, 2015) ("Although typically only applied to claims for actual damages, the defense may be relevant to claim requesting statutory damages because 'one purpose of statutory damages is to approximate actual damages that are difficult to prove.'") (internal citation omitted)).

5. Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control. Here, Plaintiff alleges that Trans Union provided "undisclosed information" to "prospective creditors, insurers or employers," which "could be blatantly false or at least misleading," but such reporting was likely the result of information provided to Trans Union by Plaintiff's creditors, who have an independent obligation under the FCRA to ensure accurate reporting. See, e.g., Amended Complaint ¶¶ 36, 41; see also 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.").

6.    Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.  Here, Plaintiff seeks damages and costs against Trans Union pursuant to Section 1681n of the FCRA, which expressly allows for recovery of punitive damages.  See 15 U.S.C. § 1681n ("Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of … (2) such amount of punitive damages as the court may allow …").  It is well settled that few punitive damage awards "exceeding a single digit ratio between punitive and compensatory damages . . . will satisfy due process."  See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 425 (U.S. 2003). Plaintiff has not pled the amount of compensatory and punitive damages that are sought, which could "exceed[] a single digit ratio between punitive and compensatory damages" in violation of Trans Union's constitutional rights.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Amended Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,


/s/ Robert J. Schuckit
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  rschuckit@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **4th day of April, 2018**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Jon G. Heintz, Esq.<br>jheintz@jonesday.com | Nathan D. Adler, Esq.<br>nda@nqgrg.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **4th day of April, 2018** properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Joahn Barron Frazier<br>P.O. Box 25<br>Hagerstown, MD 21741 | |

*/s/ Robert J. Schuckit*
Robert J. Schuckit, Esq. (MD Federal Bar #14125)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Telephone: (317) 363-2400
Fax: (317) 363-2257
E-Mail: rschuckit@schuckitlaw.com

*Lead Counsel for Trans Union, LLC*