**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| JOAHN BARRON FRAZIER, ) | |
| ) | |
| Plaintiff, ) | |
| v.     ) | Case No. 1:18-cv-67-JKB |
| ) | |
| ) | Judge: James K. Bredar |
| EXPERIAN INFORMATION ) | |
| SOLUTIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND
DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff Joahn Barron Frazier's First Amended Complaint for Violations of the FCRA (the "Amended Complaint") as follows:

Experian denies, generally and specifically, any and all allegations in the Amended Complaint not specifically admitted in the paragraphs below.  Experian's investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer.

In response to the numbered paragraphs in the Amended Complaint, Experian states as follows:

**JURISDICTION[1]**

1.     In response to paragraph 1 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion which is not subject to denial or admission.

---

[1] For ease of reference, Experian incorporated into its answer the primary headings used by Plaintiff in the Amended Complaint, although Experian does not adopt, either expressly or by

2.      In response to paragraph 2 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## PARTIES

3.      In response to paragraph 3 of the Amended Complaint, Experian admits the Plaintiff is Joahn Barron Frazier.  As to the remaining allegations, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 3 of the Amended Complaint.

4.      In response to paragraph 4 of the Amended Complaint, Experian admits that it, as a separate and distinct legal entity, is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) with a corporate office at 475 Anton Blvd., Costa Mesta, CA 92626.  In response to the remaining allegations in paragraph 4 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein on the grounds that it does not understand the allegations as pled.

5.      In response to paragraph 5 of the Amended Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).  Experian denies, generally and specifically, that the ConsumerView marketing database is its database and that the Financial and Wealth Audiences is its product.  As to the remaining allegations in paragraph 5 of the Amended Complaint, including those allegations regarding Experian's subsidiaries and partners, Experian is

implication, any statements contained in those headings.  Experian has also numbered its paragraphs to mirror the numbering in the Amended Complaint to facilitate review.

at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.      In response to paragraph 6 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.      In response to paragraph 7 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      In response to paragraph 9 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10.      In response to paragraph 10 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.     In response to paragraph 11 of the Amended Complaint, Experian admits that the allegations contained therein appear to set forth a portion of the federal Fair Credit Reporting Act. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 11 inconsistent therewith.

12.     In response to paragraph 12 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to paragraph 13 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## **<u>VENUE</u>**

15.     In response to paragraph 15 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

16.     In response to paragraph 16 of the Amended Complaint, Experian admits that Plaintiff has alleged venue in the District of Maryland is proper.  Experian states that this is a legal conclusion which is not subject to denial or admission.

## GENERAL ALLEGATIONS

17.     In response to paragraph 17 of the Amended Complaint, Experian admits it received a communication from Plaintiff requesting her consumer disclosure on September 25, 2017. Except as expressly admitted or otherwise addressed, Experian denies the remaining allegations in paragraph 17 of the Amended Complaint.

18.     In response to paragraph 18 of the Amended Complaint, Experian denies that its response to Plaintiff's September request was not responsive.  Experian avers that it, as required by the Fair Credit Reporting Act, sent Plaintiff her consumer disclosure information, along with other information related to Plaintiff's rights to dispute inaccurate information.  Except as expressly admitted or otherwise addressed, Experian denies the allegations in paragraph 18 of the Amended Complaint.

19.     In response to paragraph 19 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     In response to paragraph 20 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

21.     In response to paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

22.     In response to paragraph 22 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

23.     In response to paragraph 23 of the Amended Complaint, Experian admits that some allegations contained therein purport to describe what the Fair Credit Reporting Act requires. Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 23 inconsistent therewith.  As to the remaining allegations in paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

24.     In response to paragraph 24 of the Amended Complaint, Experian admits that Plaintiff's September 2017 request was her first request for a consumer disclosure within 12 months.  As to the remaining allegations, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations contained therein and, on that basis, denies, generally and specifically, each and every remaining allegation.

25.     In response to paragraph 25 of the Amended Complaint, Experian denies that it failed to comply with Plaintiff's second request.  Experian affirmatively states that, after receiving Plaintiff's second request, it provided Plaintiff with her consumer disclosure.  Experian admits that Exhibit F appears to be a redacted copy of a portion of the October 2017 communication that Plaintiff sent to Experian and that the communication appears to include a copy of Plaintiff's social security card and driver's license.  As to the remaining allegations in paragraph 25 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth

of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

26. In response to paragraph 26 of the Amended Complaint, Experian states that the attached exhibits speak for themselves. As to the remaining allegations in paragraph 26 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

27. In response to paragraph 27 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with all information to which she is entitled under 15 U.S.C. § 1681g(a)(1). Experian further denies that its response to Plaintiff's October 2017 request was nonresponsive. Experian avers that, as required by the Fair Credit Reporting Act, it sent Plaintiff her consumer disclosure information. Except as expressly admitted or otherwise addressed, Experian denies the remaining allegations in paragraph 27 of the Amended Complaint.

28. In response to paragraph 28 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

29. In response to paragraph 29 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30. In response to paragraph 30 of the Amended Complaint, Experian states that this is a legal conclusion which is not subject to denial or admission. To the extent a response is required,

Experian denies that all information it received was completely legible.  As to the remaining allegations in paragraph 30 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation.

31.     In response to paragraph 31 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

32.     In response to paragraph 32 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

33.     In response to paragraph 33 of the Amended Complaint, Experian states that the Plaintiff's attached exhibits speak for themselves.

34.     In response to paragraph 34 of the Amended Complaint, Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 34, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 34 of the Amended Complaint.

35.     In response to paragraph 35 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not

already disclosed to Plaintiff.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 35, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 35 of the Amended Complaint.

36.      In response to paragraph 36 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff in a consumer disclosure.  Experian further denies that it has disclosed false or misleading information regarding Plaintiff to prospective creditors, insurers, or employers. As to the remaining allegations in paragraph 36, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 36 of the Amended Complaint.

37.      In response to paragraph 37 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the FCRA, that it has not already disclosed to Plaintiff.  Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  Experian admits that some allegations contained in paragraph 37 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 37 inconsistent therewith.  As to the remaining allegations in paragraph 37, Experian does not have knowledge or information sufficient to form

a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 37 of the Amended Complaint.

38.    In response to paragraph 38 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with her consumer file disclosure and denies that it violated the Fair Credit Report Act. Experian further denies that Plaintiff never used the words "credit" or "report" in her communications. Experian avers that, in response to both of Plaintiff's requests, Experian sent Plaintiff a consumer disclosure that contained all of the consumer information that Experian is required to provide by 15 U.S.C. § 1681g. As to the remaining allegations in paragraph 38, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 38 of the Amended Complaint.

39.    In response to paragraph 39 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

40.    In response to paragraph 40 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

41.    In response to paragraph 41 of the Amended Complaint, Experian denies that it has information related to the Plaintiff, which it is required to disclose under the Fair Credit Reporting Act or other law, that it has not already disclosed to Plaintiff. Experian denies that it provides information to prospective creditors, insurers, or employers regarding Plaintiff that it does not also

disclose to Plaintiff in a consumer disclosure, with the exception of information in 15 U.S.C. § 1681g(a)(1)(B).  As to the remaining allegations in paragraph 41, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 41 of the Amended Complaint.

42.    In response to paragraph 42 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

43.    In response to paragraph 43 of the Amended Complaint, Experian admits that some allegations contained in paragraph 43 purport to describe what the Fair Credit Reporting Act requires.  Experian affirmatively states that the Fair Credit Reporting Act speaks for itself and, on that basis, denies any allegations of paragraph 43 inconsistent therewith.  As to the remaining allegations in paragraph 43, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 43 of the Amended Complaint.

44.    In response to paragraph 44 of the Amended Complaint, Experian denies that it has violated the Fair Credit Reporting Act and denies that it is liable to Plaintiff for any alleged damages.  Experian further denies that it failed to provide a consumer disclosure to Plaintiff that contained all of the consumer information required by 15 U.S.C. 1681g.  As to the allegations in paragraph 44 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 44 of the Amended Complaint.

45.     In response to paragraph 45 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is at this time without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT I

47.     In response to paragraph 47 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-46 as if fully set forth herein.

48.     In response to paragraph 48 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

49.     In response to paragraph 49 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

50.     In response to paragraph 50 of the Amended Complaint, Experian denies that it failed to provide Plaintiff with her consumer file disclosure pursuant to 15 U.S.C. 1681g(a)(1). Experian further denies that it violated the Fair Credit Reporting Act.

In response to the unnumbered paragraph following paragraph 50 of the Amended Complaint beginning "WHEREFORE," Experian denies, generally and specifically, that Plaintiff has suffered any damages or that she is entitled to judgment against Experian or to any relief whatsoever from Experian.

**COUNT II**

51.     In response to paragraph 51 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-50 as if fully set forth herein.

52.     In response to paragraph 52 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

53.     In response to paragraph 53 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 54 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 54 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information

sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT III

55.     In response to paragraph 55 of the Amended Complaint, Experian incorporates its responses to the allegations contained in Paragraphs 1-54 as if fully set forth herein.

56.     In response to paragraph 56 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

57.     In response to paragraph 57 of the Amended Complaint, Experian states that the allegations contained therein are legal conclusions not subject to admission or denial.  To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

In response to the unnumbered paragraph following paragraph 58 of the Amended Complaint beginning "WHEREFORE," Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## DEMAND FOR TRIAL BY JURY

In response to the unnumbered paragraph at the top of page 13 of the Amended Complaint, Experian admits that Plaintiff has demanded trial by jury on all issues triable.

To the extent not admitted herein, all material allegations of the Amended Complaint are denied.

## DEFENSES

In further response to the Amended Complaint, Experian hereby pleads the following defenses and affirmative defenses on information and belief.  By asserting the defenses set forth below, Experian does not allege or admit that it has the burden of proof or the burden of persuasion with respect to any of these defenses.  Experian reserves the right to amend its answer and assert additional defenses should investigation and discovery, which could not be completed before the deadline for filing this answer, indicate such defenses are warranted.

1.      The Amended Complaint and exhibits, and each cause of action thereof, fail to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.  The Amended Complaint's deficiencies include, but are not limited to, failing to plead willfulness and injury sufficiently.  Moreover, the Amended Complaint demonstrates that Experian complied with the Fair Credit Reporting Act and provided plaintiff with her consumer disclosures in response to both Plaintiff's September 2017 and October 2017 requests.

2.      Plaintiff's claims and any recovery based thereon are barred in whole or in part because Plaintiff suffered no injury.  Accordingly, Plaintiff lacks standing under applicable federal law to bring these claims against Experian.

3.      To the extent Plaintiff has suffered any damages, she failed to mitigate her damages and costs.  Upon information and belief, Plaintiff did not send Experian a dispute regarding any

information contained in the consumer file disclosures that Experian provided Plaintiff in September 2017 and October 2017.

4.      The Amended Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands.

5.      The Amended Complaint fails to allege facts sufficient to support a claim for attorneys' fees.

6.      The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, especially since Experian provided Plaintiff with her consumer disclosures, and thus any implicit request for punitive damages is improper.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(A)      That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

(B)      For costs of suit and attorneys' fees herein incurred; and

(C)      For such other and further relief as the Court may deem just and proper.

Dated: April 5, 2018                    Respectfully submitted,

                                        *s/ Jon G. Heintz*
                                        Jon G. Heintz (D. Md. Bar No. 13001)
                                        JONES DAY
                                        51 Louisiana Avenue, NW
                                        Washington, DC 20001
                                        T: (202) 879-3819
                                        F: (202) 626-1700
                                        jheintz@jonesday.com

                                        *Counsel for Defendant*
                                        *Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed on April 5, 2018, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to pro se Plaintiff at the physical address and email address listed below.

Joahn Barron Frazier
P.O. Box 25
Hagerstown, MD 21741
jbakinfrazier@gmail.com

/s/ Jon G. Heintz
Jon G. Heintz