UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOAHN BARRON FRAZIER,<br>*Plaintiff.*<br><br>vs<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC., et al.,<br><br>*Defendants* | )<br>)<br>)<br>) Case No: 1:18-cv-00067-JKB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) TRIAL BY JURY DEMANDED<br>) |

### PLAINTIFF'S OPPOSITION TO EQUIFAX, INC. AND EQUIFAX INFORMATION SERVICES, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT

Plaintiff, Joahn Barron Frazier, hereby submits her opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") with Prejudice. Plaintiff's FAC not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a) and it sufficiently alleges Plaintiff's harm and entitlement to statutory damages. Accordingly, Defendants' motion should be denied.

**Plaintiff's claims are sufficiently stated.**

Defendants, Equifax, Inc. ("Equifax") and Equifax Information Services, LLC ("EIS") move to dismiss the Plaintiff's FAC for a) Failure to State a Claim and b) Equifax, Inc. is not a "consumer reporting agency." In support of their Motion, Defendants argue that the FAC wrongly identifies Equifax, Inc. as a "consumer reporting agency" and fails to plead facts sufficient to support the claim that Defendants failed in their duty to comply with the FCRA

15 U.S.C. § 1681g(a)(1). Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *[A]ccord Atchison, Topeka & Santa Fe Ry. V. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all off the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted). The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz, 534* U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C, 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Here, the Plaintiff's FAC is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The FAC clearly has a more than sufficient statement of the claim and more than meets the requirement that it be "short and plain." For example, the FAC specifically identifies the actions of the Defendants and how those actions are wrongful.

It describes how Equifax has repeatedly presented itself to consumers and regulators as a CRA. (FAC ¶ 7). It describes in more than necessary detail the facts that the Defendants are consumer reporting agencies that "regularly engages in whole or in part in the practice of assembling or evaluating" information on consumers. (FAC ¶ 8, 10); and are under obligation by the FCRA to provide full consumer file disclosures. (FAC ¶ 37).

Finally, the FAC clearly puts Defendants on fair notice of the charges against them. Specifically, the FAC charges that Defendants violated 15 U.S.C. § 1681g(a)(1) by not providing the Plaintiff with a full consumer file disclosure after she made a clear and proper request for it.

## ARGUMENT

### I. Equifax Inc. is Not a Consumer Reporting Agency.

Defendants have surprisingly asserted that Equifax is not a "consumer reporting agency" in spite of the many examples that exist to the contrary. Defendants state in their Motion to Dismiss that the "consumer disclosure" Plaintiff received in response to her consumer file requests show that the entity that responded was "EIS, not Equifax, Inc." This is incorrect. Plaintiff received a credit report with the name "EQUIFAX" in big bold letters on the first page. See Exhibit A. Equifax's 2017 Annual Report states that Equifax's

"common stock is listed on the New York Stock Exchange under the symbol EFX." It states further under Part 1, Item 1. Business Overview,

> Equifax Inc. is a leading global provider of information solutions and human resources business process outsourcing services for businesses, governments, and consumers. We have a large and diversified group of clients, including financial institutions, corporations, governments and individuals. Our services are based on comprehensive databases of consumer and business information derived from numerous sources including credit, financial assets, telecommunications and utility payments, employment, income, demographic and marketing data.
>
> Equifax was originally incorporated under the laws of the State of Georgia in 1913, and its predecessor company dates back to 1899. As used herein, the terms Equifax, the Company, we, our and us refer to Equifax Inc., a Georgia corporation, and its consolidated subsidiaries as a combined entity, except where it is clear that the terms mean only Equifax Inc.

Equifax, Inc. has been using the argument that they are not a "consumer reporting agency" in many court cases and have prevailed with their assertion so much so that some courts have adopted it as fact. See *Ransom v. Equifax Inc.*, Dist. Court SD Florida 2010 and *Slice v. Choicedata Consumer Servs.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005).

Defendants use the *Greear*, *Channing*, and *Slice* cases as "three in an unbroken line of decisions from district courts dismissing Equifax Inc. under circumstances similar to those presented" in this case. However, the District Court for the Eastern District of

Virginia in *Jones et al v. Equifax, Inc. and Equifax Workforce Solutions et al*, No. 3:2014cv00678-Document 54 (E.D. Va. 2015) saw through this ploy and presented another opinion. The Court made the observation in its footnotes,

> Defendant Equifax, Inc. disputes this claim by citing to a number of cases in which district courts held that Equifax, Inc. did not operate as a CRA. These Courts have generally found Equifax, Inc. to be a holding company that does not exercise control over consumer credit information. However, every decision cited by Equifax, Inc. was rendered at the summary judgment stage. *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014); *Channing v. Equifax, Inc.*, No. 5:11-CV-293-F:, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013); *Ransom v Equifax, Inc.*, No. 09-80280-CIV, 2010 WL 1258084 (S.D. Fla. Mar. 30, 2010); *Slice v. Choicedata Consumer Servs.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005); *Persson v. Equifax, Inc.*, No. 7:02CV00511 (W.D. Va. Oct. 28, 2002); *Weiler v. Trans Union, Inc.*, No. 99-936 (W.D. Pa. Nov. 16, 2000). Further, in each of the cases cited above, the plaintiff either proceeded *pro se* or failed to oppose the motion. Such rulings cannot provide persuasive support for the Defendants' position at the Motion to Dismiss stage.[1]

Defendants' claim that Equifax, Inc. is not a CRA is further weakened by the Consumer Financial Protection Bureau's Consent Orders with Equifax on January 3, 2017. See Exhibit B. In Section IV of the Bureau Findings and Conclusions,

---

[1] *Jones et al v. Equifax, Inc. and Equifax Workforce Solutions et al*, No. 3:2014cv00678-Document 54 (E.D. Va. 2015) footnote 11 cited.

The Bureau finds the following: 4. Equifax Inc. is headquartered in Atlanta, Georgia, and compiles and maintains financial, consumer, and commercial data across the nation and worldwide. Equifax Inc. is the parent company of Equifax Consumer Services LLC. 5. Equifax Inc. is a "covered person" as that term is defined by the CFPA, 12 U.S.C. § 5481(6).[2]

"Covered person" as defined by CFPA, 12 U.S.C. § 5481(6)(A) is "any person that engages in offering or providing a consumer financial product or service." In light of this information, the Court should deny Defendants Motion to Dismiss with prejudice.

## II. Ms. Frazier's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.

Defendants have stated that Plaintiff has failed to state facts and has "merely recite[d] in conclusory fashion that she did not receive a full consumer file disclosure and at the same time admitting Equifax timely responded by furnishing a 'credit report.'" Defendants are trying to blur the clear distinction that exists between a credit report and a consumer file disclosure. The FCRA makes an obvious distinction between a "consumer report" in 15 U.S.C. § 1681a(d) and "consumer file" in 15 U.S.C. § 1681a(g). In the Eastern District of Pennsylvania, the District Court disagreed with a defendant's assertion that by giving the plaintiff a consumer report satisfied its obligation to furnish all information in the consumer's file.

"Defendant also cites FTC commentary on § 1681g(a)(1) that concludes that '[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer

---

[2] Consumer Financial Protection Bureau Consent Order, File No. 2017-CFPB-0001

report on that consumer." 16 C.F.R. pt. 600. App. § 603. Defendant argues that it interpreted this statement to mean that § 1681g(a)(1) required it to turn over only the actual report, and nothing more. If the admission statement is not 'information on the consumer,' the Court cannot fathom what might be. Further, defendant's interpretation would give 'file' and 'consumer report' identical meanings. This interpretation is rejected because it would cause § 1681g(a)(1) superfluous. Congress clearly intended for § 1681g(a)(1) to give consumers the opportunity to request something more—'all information in the consumer's file'—than the report they automatically receive under § 1681b(b)(3)(A). *Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d 532 *; 2012 U.S. Dist. LEXIS 39863 **; 34 I.E.R. Cas. (BNA) 941; 2012 WL 975043.

Defendants cannot possibly expect the Court to support their argument that they complied with the FCRA by merely providing Plaintiff a credit report. Defendants also point to the Federal Trade Commission ("FTC"), especially their statement concerning "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder," as being the information that Plaintiff is seeking. Plaintiff agrees that "audit trail of changes" and "billing records" fall outside the requirements for compliance for consumer file disclosure. Further, that information does not pertain to such that the Plaintiff can dispute for accuracy. The FTC was pointing out that the CRAs internal procedures for organizing and processing data was excluded information as far as a consumer file request goes. In contrast, Plaintiff has clearly argued that she requested her full consumer file disclosure, **not** credit report, several times (FAC ¶ 19) and Defendants failed to comply.

## CONCLUSION

For the foregoing reasons, Plaintiff Joahn Frazier respectfully requests that the Court deny Defendants' Motion to Dismiss in its entirety. If any claims are insufficiently plead, Plaintiff requests leave to amend.

Respectfully submitted this April 18, 2018

Joahn Frazier
P.O. Box 25
Hagerstown, MD 21741
jbakinfrazier@gmail.com
(301) 788-3893

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by first class mail, postage prepaid on this 18th day of April, 2018 to:

Jon G. Heintz
Jones Day
51 Louisiana Ave
Washington, DC 20001

Scott E. Brady
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

Nathan D. Adler
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201

Joahn Frazier, *Pro Se*
P.O. Box 25
Hagerstown, MD 21741
(301) 788-3898
jbakinfrazier@gmail.com