IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOAHN BARRON FRAZIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18-cv-00067-JKB |
| | ) | |
| EXPERIAN INFORMATION SOLUTIONS INC., et al., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANTS EQUIFAX INC.'S AND EQUIFAX INFORMATION SERVICES LLC'S
REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Nathan Daniel Adler, Esq.
Bar No: 22645
Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
One South Street, 27th Floor
Baltimore, Maryland 21202-3201
(410) 332-8516
(410) 332-8517 – Fax
nda@nqgrg.com

*Counsel for Equifax Inc. and Equifax Information Services, LLC*

**TABLE OF CONTENTS**

**ARGUMENT**..................................................................................................................................1

I.     **Equifax Inc. Is Not a Consumer Reporting Agency**............................................................1

II.    **Ms. Frazier's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.**......................................................................................................2

**CONCLUSION** ............................................................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Channing v. Equifax, Inc.*,
  No. 5:11-CV-293-FL, 2013 WL 593942 (E.D.N.C. Feb. 15, 2013)......................................2

*Frihat v. Citimortgage, Inc.*,
  No. 07-CV-946, Doc. 60 (W.D. Mo. Dec. 1, 2009) ...........................................................2

*Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*,
  848 F. Supp. 2d 532 (E.D. Pa. 2012) ..................................................................................4

*Greear v. Equifax, Inc.*,
  No. 13-11896, 2014 WL 1378777 (E.D. Mich. Apr. 8, 2014) ...........................................1

*Moran v. The Screening Pros, LLC*,
  No. 12-57246, Dkt. 22 (9th Cir. Oct. 4, 2013).....................................................................3

*Persson v. Equifax Inc.*,
  No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002).........................................................2

*Pettway v. Equifax Info. Servs., LLC*,
  No. CIV.A. 08-0618-KD-M, 2010 WL 653708 (S.D. Ala. Feb. 17, 2010).........................3

*Slice v. Choicedata Consumer Servs., Inc.*,
  No. 3:04-CV-428, 2005 WL 2030690 (E.D. Tenn. Aug. 23, 2005) ....................................2

*Wantz v. Experian Info. Solutions*,
  386 F.3d 829 (7th Cir. 2004) ...............................................................................................3

*Weiler v. Equifax Inc.*,
  No. 2:99-CV-936, Doc. 29 (W.D. Pa. Nov. 16, 2000) ........................................................2

**Statutes**

15 U.S.C. § 1681a(f)......................................................................................................................1

15 U.S.C. § 1681g..................................................................................................................2, 3, 5

**Other Authorities**

Rule 12(b)(6)..................................................................................................................................5

Defendants Equifax Inc. ("Equifax Inc.") and Equifax Information Services, LLC ("EIS") file their Reply in further support of their Motion to Dismiss First Amended Complaint ("Motion to Dismiss," Doc. 18) the First Amended Complaint for Violations of the FCRA ("FAC," Doc. 15) and in reply to Plaintiff's Opposition to Equifax Inc.'s and EIS's Motion to Dismiss ("Opposition," Doc. 21). For the reasons set forth below and in its opening brief, Equifax Inc. and EIS's Motion to Dismiss should be granted.

## ARGUMENT

**I.      Equifax Inc. Is Not a Consumer Reporting Agency.**

In her Opposition, Ms. Frazier argues without any factual or legal basis that anything that bears the name Equifax is attributable to Equifax Inc., and not any of its subsidiaries or affiliates. (Doc. 21 at 3-4). Ms. Frazier's arguments ignore the definition of a consumer reporting agency stated in the FCRA:

> any person which, for monetary fees … regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

15 U.S.C. § 1681a(f). Equifax Inc.'s activities in relation to its subsidiaries do not make it a consumer reporting agency as defined by the FCRA. Rather, the sole issue is whether Ms. Frazier provides a factual and legal predicate to allege that Equifax Inc.'s activities fit the definition of a consumer reporting agency as stated in § 1681a(f). Ms. Frazier fails to do so in her FAC. In her Opposition, Ms. Frazier does not posit a legal basis to hold the parent of a consumer reporting agency necessarily liable for the acts of the consumer reporting agency itself.

In its Motion to Dismiss, Equifax cited numerous cases that hold that Equifax Inc. is not a consumer reporting agency. (Doc. 41 at 6-7 (citing *McDonald v. Equifax Inc.*, No. 3:15-CV-3212-B, 2017 WL 879224 (N.D. Tex. Mar. 6, 2017); *Greear v. Equifax, Inc.*, No. 13-11896, 2014 WL

1378777, at *1 (E.D. Mich. Apr. 8, 2014); *Channing v. Equifax, Inc., .*, No. 5:11-CV-293-FL, 2013 WL 593942, at * 2 (E.D.N.C. Feb. 15, 2013); *Slice v. Choicedata Consumer Servs., Inc.*, No. 3:04-CV-428, 2005 WL 2030690, at *3 (E.D. Tenn. Aug. 23, 2005); *Frihat v. Citimortgage, Inc.*, No. 07-CV-946, Doc. 60 at 4-5 (W.D. Mo. Dec. 1, 2009) (Doc. 33-1); *Persson v. Equifax Inc.*, No. 7:02-CV-511, Doc. 80 (W.D. Va. Oct. 28, 2002) (Doc. 33-3); *Weiler v. Equifax Inc.*, No. 2:99-CV-936, Doc. 29 at 2-4 (W.D. Pa. Nov. 16, 2000) (Doc. 33-4).

In her Opposition, Ms. Frazier argues that the issue of whether Equifax Inc. is a consumer reporting agency should be resolved at the summary judgment stage. (Doc. 21 at 4-6). However, Ms. Frazier's FAC supplies the necessary facts to resolve the issue now, which makes this case differently situated than *Jones v. Equifax, Inc.* upon which Ms. Frazier relies. Ms. Frazier concedes that Equifax Inc. is a parent holding company of EIS. (Doc. 15 ¶ 6). Ms. Frazier's own exhibit confirms that EIS, not Equifax Inc., responded to her request. (Doc. 1-4 at 1). In response to the second request, Ms. Frazier alleges that she received her consumer disclosure. (Doc. 15 ¶ 28). Moreover, Ms. Frazier fails to cite a single decision that holds that Equifax Inc. is a consumer reporting agency. Accordingly, the Court should grant the Motion to Dismiss Equifax Inc.

II. **Ms. Frazier's FAC Fails to Plead Facts Sufficient to Support a Claim for Relief Pursuant to § 1681g.**

In her Opposition, Ms. Frazier accuses Equifax of "trying to blur the clear distinction that exists between a credit report and a consumer file disclosure." (Doc. 21 at 6). Her accusation could not be more ironic. In her FAC and Opposition, Ms. Frazier repeatedly states that she requested her "full consumer file disclosure." (Doc. 15; Doc. 21). However, that term cannot be found anywhere in the FCRA, nor does Ms. Frazier provide a source for that term.

On the other hand, Equifax has clearly used and identified the terms "consumer report" and "consumer file."[1] A "consumer file" is defined as the information contained in a consumer's credit report/disclosure. The Federal Trade Commission ("FTC")[2] interpreted the term "file" in 1681g to be limited to material included in a consumer report that would be sent to a third party. *See* 40 Years Commentary, p. 71. "[A]ncillary records" such as "a CRA's audit trail of changes it makes in the consumer's file, billing records, or the contents of a consumer relations folder, are not included in the term 'information in the consumer's file.'" *Id.* The Seventh Circuit in *Gillespie v. Trans Union Corp.* held that "file" meant information contained in a consumer report produced by the CRA. *See* 482 F.3d 907, 908-10 (7th Cir. 2007). *Gillespie* cites the FTC's commentary on §1681g(a)(1) regarding the limited scope of the term "file": "[t]he term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909 (quoting 16 C.F.R. pt. 600, app. § 603). "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*. And of course it was free to draw the line as it did." *Gillespie*, 482 F.3d at 910 (emphasis added).

---

[1] A "consumer file" is also known as a "consumer disclosure." *See* 15 U.S.C. § 1681g; *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010).

[2] The interpretation and enforcement of the FCRA transferred from the FTC to Consumer Financial Protection Bureau ("CFPB") after passage of the Consumer Financial Protection Act of 2010. In preparation for the transition, in July 2011, the FTC published "40 Years of Experience with the Fair Credit Reporting Act – An FTC Staff Report with Summary of Interpretations" ("40 Years Commentary") (available at https://www.ftc.gov/sites/default/files/documents/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations/110720fcrareport.pdf). The CFPB has not issued any contrary interpretation and has cited the 40 Years Commentary in amicus briefs on other topics. *See Moran v. The Screening Pros, LLC*, No. 12-57246, Dkt. 22 (9th Cir. Oct. 4, 2013).

Ms. Frazier relies in her Opposition on *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 848 F. Supp. 2d 532 (E.D. Pa. 2012), to argue that Equifax cannot merely provide a consumer report to Ms. Frazier. *Goode* is wholly inapposite. In *Goode*, the CRA admitted that it did not give to the consumer the primary substantive portions of her file, specifically, "admission statements."

> Defendant operates a proprietary system called Esteem that helps organizations identify applicants with [a] history of theft or fraud. (Compl. ¶¶ 14, 15.) Subscribing member employers (members) pay a fee based on the number of their employees, and in return, defendant performs background checks on current and potential employees. Members must also give defendant new records of theft incidents involving their own employees and customers (incident reports or reports). (*Id.* ¶ 20.) Members may only submit incident reports in one of two situations: (1) if the member referred the incident for criminal prosecution, or (2) if the employee admits guilt. (*Id.* ¶ 21.) If, as is alleged in this case, the employee admits guilt, the member employer includes an ***admission statement***—a statement describing the incident and admitting guilt signed by the person who committed the theft—with the report. (*Id.* ¶ 23.)
>
> When a member requests information about a current or potential employee, defendant searches its system for possible matches between the employee's personal information and a record on file. (*Id.* ¶ 28.) If a match is found, defendant verifies the match by comparing the personal data from the inquiry with the incident data and the admission statement supporting the incident. (*Id.*) Once a match is verified, defendant classifies the employee in accordance with adjudication scores agreed upon by defendant and the member (adjudication). (*Id.* ¶ 45.) If the employee falls below a certain threshold, defendant assigns the employee a noncompetitive score. (*Id.* ¶ 46.) Defendant then generates a report detailing the match and the adjudication and sends the report to the inquiring member. (*Id.* ¶ 31.) The admission statement is not provided as part of the report. (*Id.* ¶ 32.)

*Goode*, 848 F. Supp. 2s at 534-35 (emphasis added). The CRA provided the consumer with only the report and not the admission statements. *See id.*; 848 F. Supp. 2s at 545. Here, unlike in *Goode*, Ms. Frazier has not identified any specific part or portion of her credit file that was not provided to her by Equifax.

Ms. Frazier's sole allegation against Equifax Inc. and EIS is that she did not receive her "full consumer file disclosure" as requested. (*See* Doc. 15 ¶¶ 19-20, 25, 28). Ms. Frazier states that

4

she sent "Equifax" a request for her full consumer file disclosure, and in response received a copy of her "credit report." (*Id.* at ¶ 28). She does not dispute that she received this document upon her request as required by § 1681g. As defined by case law discussed above, a credit report goes to a third party. Because Ms. Frazier, the consumer, was the recipient, what she received was exactly what she requested – a full consumer file disclosure.

Thus, by Ms. Frazier's own admission, Equifax Inc. and EIS complied with § 1681g(a)(1) and relevant federal case precedent by providing her consumer disclosure to her. Accordingly, Ms. Frazier has failed to allege sufficient facts to support a cause of action against Equifax Inc. and EIS under the FCRA, and the Court should grant judgment on the pleadings and dismiss her claim under Rule 12(b)(6).

## **CONCLUSION**

For the reasons set forth above and in its original brief, Equifax Inc. and EIS request that this Honorable Court grant the Motion to Dismiss and dismiss Ms. Frazier's FAC pursuant to Rule 12(b)(6) and for such other relief as the Court deems necessary.

Respectfully submitted this 4th day of May, 2018.

> */s/ Nathan D. Adler*
> Nathan Daniel Adler, Esq.
> Bar No: 22645
> Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.
> One South Street, 27th Floor
> Baltimore, Maryland 21202-3201
> (410) 332-8516
> (410) 332-8517 – Fax
> nda@nqgrg.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 4th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and via U.S. Mail to:

Joahn Barron Frazier  
P.O. Box 25  
Hagerstown, MD 21741

Jon G. Heintz  
Jones Day  
51 Louisiana Ave  
Washington, DC 20001

Robert J. Schuckit  
Schuckit & Associates, P.C.  
4545 Northwestern Drive  
Zionsville, IN 46077

                                                         */s/ Nathan D. Adler*  
                                                         Nathan Daniel Adler