**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| JOAHN BARRON FRAZIER, | |
| Plaintiff, | |
| v. | Case No. 1:18-cv-00067-JKB |
| EXPERIAN INFORMATION SOLUTIONS, INC., et al., | Judge: James K. Bredar |
| Defendants. | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ....................................................................................... 1

II.  BACKGROUND ........................................................................................ 2

III.  LEGAL STANDARD.................................................................................. 4

IV.  ARGUMENT ............................................................................................. 4

A.  As this Court Already Held, the First Amended Complaint Fails to State a Plausible Claim for Relief........................................................................ 4

B.  The First Amended Complaint Does Not Allege That Experian Willfully Violated the Fair Credit Reporting Act................................................... 5

1.  Under the FCRA, Willfulness is a High Standard that Requires a Knowing or Reckless Violation ............................................................... 6

2.  Plaintiff's Allegations Do Not Rise to the Level of a Knowing or Reckless Violation; They Do Not Allege a Violation at All .................... 7

C.  Plaintiff Lacks Standing Because the First Amended Complaint Does Not Allege a Concrete Injury ................................................................... 11

V.  CONCLUSION........................................................................................ 13

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................... 4, 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................... 4, 5

*Berry v. Schulman*,
807 F.3d 600 (4th Cir. 2015) ....................................................................... 6

*Curtis v. Spacesaver Sys., Inc.*,
2013 WL 6909160 (D. Md. Dec. 30, 2013)................................................. 4

*Dreher v. Experian Info. Sols., Inc.*,
856 F.3d 337 (4th Cir. 2017) ....................................................................... 11, 12

*Friends of Animals v. Jewell*,
828 F.3d 989 (D.C. Cir. 2016)..................................................................... 12

*Fuges v. Sw. Fin. Servs., Ltd.*,
707 F.3d 241 (3d Cir. 2012) ........................................................................ 7

*Gillespie v. Trans Union Corp.*,
482 F.3d 907 (7th Cir. 2007) ....................................................................... 7, 9

*Johnson v. Equifax, Inc.*,
510 F. Supp. 2d 638 (S.D. Ala. 2007) ......................................................... 3

*Larson v. Trans Union, LLC*,
2014 WL 1477705 (N.D. Cal. Apr. 14, 2014) ............................................ 5

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)..................................................................................... 13

*Pettway v. Equifax Info. Servs., LLC*,
2010 WL 653708 (S.D. Ala. Feb. 17, 2010)................................................ 2

*Safeco Ins. Co. of Am. v. Burr*,
551 U.S. 47 (2007)....................................................................................... 6, 7

*Saucier v. Katz*,
533 U.S. 194 (2001)..................................................................................... 7

*Scott v. Experian Info. Sols., Inc.*,
2018 WL 3360754 (S.D. Fla. June 29, 2018) ............................................. 3, 5

# TABLE OF AUTHORITIES
## (continued)

Page

*Shaw v. Experian Info. Sols., Inc.*,
  2016 WL 5464543 (S.D. Cal. Sept. 28, 2016) .......................................................... 10

*Shaw v. Experian Info. Sols., Inc.*,
  891 F.3d 749 (9th Cir. 2018) ................................................................................... 10

*Spokeo v. Robins*,
  136 S. Ct. 1540 (2016) ...................................................................................... 11, 12

## Statutes

15 U.S.C. § 1681g ............................................................................................. passim

15 U.S.C. § 1681n ..................................................................................................... 6

15 U.S.C. § 1681o ..................................................................................................... 6

Dodd-Frank Wall Street Reform & Consumer Protection Act, Pub. L. No. 111-203
  § 1088, 124 Stat. 1376 ............................................................................................ 8

## Regulations

16 C.F.R. pt. 600, app. § 603 ..................................................................................... 8

## Rules

Fed. R. Civ. P. 12 ...................................................................................................... 4

## Other Authorities

Dee Pridgen & Richard M. Alderman, *Consumer Credit & the Law* § 2:16 (Nov. 2017) ............. 9

## I.       <u>INTRODUCTION</u>

Plaintiff Joahn Barron Frazier filed a First Amended Complaint ("FAC") under 15 U.S.C. § 1681g of the Fair Credit Reporting Act ("FCRA") against three consumer reporting agencies ("CRAs")—including Experian Information Solutions, Inc. ("Experian")—alleging that defendants willfully violated § 1681g(a)(1) because they allegedly failed to provide plaintiff with all information maintained in plaintiff's file.  This Court already dismissed the FAC as to one of the CRA defendants because Plaintiff's allegations fail to rise above the level of non-actionable speculation.  For the same reason, judgment on the pleadings should be entered in favor of Experian.

As this Court already held, the FAC does not plausibly allege that Plaintiff was denied information, or that such information even exists.  Plaintiff alleges, on information and belief, that the consumer disclosure she received lacks certain information in Experian's files.  But there is not a single factual allegation in the FAC to support this "surmise," as Plaintiff herself coins it. A plaintiff cannot, without supporting factual allegations, come into federal court on the assumption that a statutory violation *might* have occurred, and attempt to use discovery to divine if that is so.

If that was not enough to warrant judgment on the pleadings—and it is—the FAC suffers from two additional, and fatal flaws.  *First*, even taking Plaintiff's conclusory allegations as true, nothing in the FAC shows that Experian "willfully" violated the FCRA, as Plaintiff is obligated to prove.  The FAC identifies only two pieces of concrete information that, upon information and belief, Plaintiff contends were withheld from her:  archived information that is no longer included on her reports, and "codes" used to communicate with credit grantors.  To prove that Experian willfully violated the FCRA, Plaintiff must point to some authority clearly establishing

that § 1681g reaches that kind of information.  In fact, however, the case law is to the contrary.

That case law would warrant dismissal even in a case under the FCRA's negligence standard; at

the least, it powerfully refutes Plaintiff's contention that Experian was objectively unreasonable

when it responded to her request for information by providing her consumer report.

Second, Plaintiff lacks standing to sue because the FAC does not identify a concrete

harm.  Under controlling Fourth Circuit precedent, a plaintiff alleging denial of information

under the FCRA must show the denial created a real harm with an adverse effect on the plaintiff.

Here, Plaintiff does not allege that Experian has denied her information that it has provided to

credit grantors, potential employers, and the like, or that Experian even intends to do so.  At

most, Plaintiff alleges a technical violation of the FCRA with no real-world consequences.

Under Article III, the abstract risk that third parties might obtain inaccurate or misleading

information at some undefined point in the future does not state a case or controversy.

## II.   **BACKGROUND**

The FAC states one cause of action against Experian under 15 U.S.C. § 1681g(a)(1),

which provides that a consumer reporting agency shall, upon request, clearly and accurately

disclose to the consumer "[a]ll information in the consumer's file at the time of the request."

Plaintiff alleges that on September 25, 2017, she requested a copy of her "consumer file

disclosure" from Experian.  ECF No. 15 ¶ 17.  Plaintiff alleges that, in response, Experian sent

her a "credit report which was not responsive to her request."  *Id.* ¶ 18.  Plaintiff allegedly made

a second request "for a full consumer file disclosure," and again "received a credit report which

was not responsive to her request."[1]  *Id.* ¶¶ 25, 27.

---

[1] Plaintiff's allegations confuse "consumer disclosures" and "consumer reports" (or "credit reports"), which are different. *See Pettway v. Equifax Info. Servs., LLC*, No. 08-0618, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010).  Consumer *reports* are generated by a CRA and delivered to a third party such as an employer, insurer, or lender for use in deciding whether

The FAC alleges, upon information and belief, that there is information relating to Plaintiff contained in Experian's files that has not been disclosed to her, including information that is now "archived" and unspecified "additional information that is provided to prospective creditors, insurers or employers." *Id.* ¶ 34.  Plaintiff stresses that she "is not making any claim regarding information that **HAS** been provided to a third party," only that certain information "may have been" provided to a third party or "**MIGHT**" be provided at some time in the future." *Id.* ¶ 39 (emphasis in original).

The FAC contains materially identical allegations directed at two other CRA defendants: Trans Union LLC ("Trans Union"), and Equifax, Inc., and Equifax Information Services, LLC (collectively, "Equifax").  Equifax moved to dismiss the FAC as to it (ECF No. 18), and this Court granted Equifax's motion and entered judgment in its favor.  ECF Nos. 23-24.  The Court held that, even when considering all facts in a light most favorable to Plaintiff, "the Court cannot reasonably infer that the Defendants violated their disclosure requirements pursuant to § 1681g(a)(1) of the FCRA."  ECF No. 23 at 10.  As the Court explained, the FAC is predicated on "conclusional allegations based 'upon information and belief,'" without accompanying "'specific factual allegations' that led [Plaintiff] 'to accuse Defendants of failing to meet their disclosure requirements under the FCRA.'"  *Id.* (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *4 (S.D. Fla. June 29, 2018)).

---

the consumer is eligible for credit or other purposes.  *See id.*  A consumer *disclosure* is the CRA's file that it provides to the consumer, not third parties, that contains information about the consumer recorded and retained by the CRA.  *Id.*  "Reports prepared solely for the consumer do not constitute 'consumer reports' under the FCRA."  *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 645 (S.D. Ala. 2007).

Plaintiff's allegation that she received a credit report, instead of a full consumer file disclosure, is thus nonsensical.  Plaintiff indisputably received a consumer disclosure.  The only relevant question is whether plaintiff has plausibly alleged that she did not receive a consumer disclosure containing all the information required by § 1681g(a)(1).

### III.    LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *See Curtis v. Spacesaver Sys., Inc.*, No. 13-cv-2327, 2013 WL 6909160, at *1 (D. Md. Dec. 30, 2013). Under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). When considering a motion to dismiss, a court must accept as true all factual allegations in the complaint, but this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

### IV.    ARGUMENT

#### A.    As this Court Already Held, the First Amended Complaint Fails to State a Plausible Claim for Relief.

As this Court held in dismissing the FAC as to Equifax, the FAC does not plausibly allege a violation of § 1681g. Without any factual allegation to support Plaintiff's assumption that Experian has withheld information from her, the FAC does not cross the line from possibility to plausibility.

Plaintiff alleges, on information and belief, that there is "substantial information" relating to her that is contained in Experian's files that has not been disclosed to her. ECF No. 15 ¶ 34.

Plaintiff concedes that she has "no direct knowledge" of the information in Experian's files, but speculates—again, on information and belief—that her file includes (1) "archived" information "that was previously shown in [Plaintiff's] credit reports"; (2) unidentified "additional information that is provided to prospective creditors, insurers or employers"; and (3) "negative codes … that are provided to prospective creditors, insurers or employers." *Id.* ¶¶ 32, 34, 35, 37.

As this Court previously explained, courts confronted with identical allegations have concluded that the "speculative guesswork" upon which Plaintiff's claim is built is "incapable of withstanding a motion to dismiss." ECF No. 23 at 9 (quoting *Scott*, 2018 WL 3360754, at *7). It is not enough for a complaint "to assume that some data was withheld from [the plaintiff], without any factual allegations in support of that assumption." *Larson v. Trans Union, LLC*, No. 12-cv-5726, 2014 WL 1477705, at *4 (N.D. Cal. Apr. 14, 2014). Lacking any factual support, the mere allegation that a consumer reporting agency possesses more information about a consumer than it has disclosed "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

The problem is not just that Plaintiff bases her allegations on information and belief. The problem is that Plaintiff's conclusory allegations based upon information and belief are unaccompanied by any "specific factual allegations" to suggest the existence of such information is plausible, rather than merely possible. ECF No. 23 at 10. Indeed, by Plaintiff's own admission, her claim is based on nothing more than "surmise." ECF No. 15 ¶ 43. Mere surmise does not amount to plausibility, and the FAC accordingly does not pass muster under *Iqbal* and *Twombly*.

**B.      The First Amended Complaint Does Not Allege That Experian Willfully Violated the Fair Credit Reporting Act.**

Because the FAC does not plead a plausible claim for relief, Equifax's motion should be granted for that reason alone.  In fact, however, the FAC is fatally flawed for additional reasons.  To begin, the allegations in the FAC—even when accepted as true—do not amount to a willful violation of the FCRA.

### 1.      Under the FCRA, Willfulness is a High Standard that Requires a Knowing or Reckless Violation.

Plaintiffs suing under the FCRA may allege either a negligent or willful violation of the statute.  *See* 15 U.S.C. §§ 1681n (willfulness provision), 1681o (negligence provision).  To maintain a claim for negligent violation of the FCRA, however, the plaintiff must establish actual damage (*see* 15 U.S.C. § 1681o(a)(1))—an element the FAC does not allege.  Because plaintiff has elected to proceed exclusively under the theory that Experian willfully violated the FCRA, the FAC must allege facts meeting this heightened standard.

"[W]illfulness is a high standard, requiring knowing or reckless disregard of the FCRA's requirements."  *Berry v. Schulman*, 807 F.3d 600, 605 (4th Cir. 2015).  In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court analogized the FCRA's willfulness standard to the "clearly established" requirement in qualified immunity cases, reasoning that an FCRA violation can be willful only if the defendant engages in conduct that is clearly unlawful under then-existing law.  *Id.* at 69-70.  *Safeco* itself makes clear that this "clearly established" test sets a very high bar for willfulness liability: even federal district court case law and informal agency guidance do not suffice to make an FCRA interpretation "clearly established" under *Safeco*; rather, only "court of appeals" authority, "authoritative guidance" from the Federal Trade Commission, or statutory language that is "pellucid" satisfy this test.  *Id.*  Accordingly, unless the defendant's alleged conduct would not have been lawful under any interpretation of the

FCRA that "could reasonably have found support in the courts," the willfulness claim must fail. *Id.* at 70 n.20.

This standard thus protects a defendant's misinterpretation of the FCRA so long as it is "objectively reasonable," much in the same way that qualified immunity protects officials from liability if their "action[s] w[ere] reasonable in light of legal rules that were 'clearly established' at the time." *Safeco*, 551 U.S. at 70 (citing and describing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). And there are "numerous . . . cases in which courts have applied *Safeco* and declined to hold defendants liable absent evidence of a reckless approach to FCRA compliance." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 254 (3d Cir. 2012).

**2.  Plaintiff's Allegations Do Not Rise to the Level of a Knowing or Reckless Violation; They Do Not Allege a Violation at All.**

The allegations in the FAC do not come close to establishing that Experian violated "pellucid" guidance from the appellate courts and FTC.  Indeed, the most relevant guidance from appellate courts and the FTC is *contrary* to the theory of liability alleged in plaintiff's complaint.

The FAC alleges, on information and belief, that Experian maintains three pieces of information that it failed to disclose to Plaintiff upon her request for a consumer file disclosure: (1) archived information; (2) negative codes; and (3) unspecified "additional information."  The premise of Plaintiff's complaint is that so long as a consumer reporting agency maintains *any* form of information on the consumer that it fails to disclose upon request, a violation of § 1681g(a)(1) is stated.  But that theory has been categorically rejected.

In *Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007), the plaintiff alleged that a consumer reporting agency violated § 1681g(a)(1) by providing her with a consumer report that revealed delinquent account information but omitted any mention of the purge date.  *Id.* at 908. Trans Union maintained this purge date—*i.e.*, the date when negative information is to be

removed issued reports—in its files, but did not include this information on the consumer reports it sends to third parties. *Id.*

The plaintiff argued that because § 1681g(a)(1) states that a consumer reporting agency must disclose "*[a]ll* information in the consumer's file," the statute requires disclosure of everything in the consumer's file, and not just material included in a consumer report issued to third parties. *Id.* The Seventh Circuit disagreed, for several reasons.

First, while § 1681g(a)(1) requires CRAs to disclose all information in the consumer's file, subsequent paragraphs in § 1681g(a) "list other types of information that must be revealed as well," including the name of each person that received a consumer report, and a record of all credit inquiries during the one-year period before the consumer's request. *Id.* at 909. If § 1681g(a)(1) required disclosure of all information on the consumer recorded and retained by a CRA, "then these additional paragraphs are unnecessary." *Id.*

Second, the FTC's commentary on § 1681g(a)(1) limits the scope of the provision to material included in a consumer report, *i.e.*, the report generated and delivered to third parties for use in deciding whether the consumer is eligible for credit or other purposes. *Id.* (citing 16 C.F.R. pt. 600, app. § 603 ("The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer.").[2]

Third, legislative history underlying § 1681g(a)(1) indicates that Congress enacted the statute to ensure that consumers receive "complete copies of their consumer reports, not their

---

[2] In 2010, Congress transferred authority for the interpretation of the FCRA from the FTC to the Consumer Financial Protection Bureau. *See* Dodd-Frank Wall Street Reform & Consumer Protection Act, Pub. L. No. 111-203 § 1088, 124 Stat. 1376. But the CFPB has not issued any contrary interpretation, and the existence of the FTC's commentary shows that Experian did not willfully violate the FCRA.

entire files in whatever form maintained by the CRA." *Id.* (citing S. Rep. No. 104-185, at 41 (1995) ("Section 408 explicitly requires consumer reporting agencies to provide, upon request, all information in the consumer's file.  The Committee intends this language to ensure that a consumer will receive a copy of that consumer's report, rather than a summary of the information contained therein.")).

Based on the foregoing, the Seventh Circuit held that the term "file," as used in § 1681g(a)(1), "denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been furnished, in a consumer report on that consumer." *Id.* at 909.  "Congress, it seems, chose to limit the right to contest information to material *actually contained in consumer reports*.  And of course it was free to draw the line as it did." *Id.* at 910 (emphasis added).  Thus, unless the plaintiff makes "some showing" that Experian failed to disclose information contained in a consumer report, a claim under § 1681g(a)(1) fails. *Id.* at 909; *see also* Dee Pridgen & Richard M. Alderman, *Consumer Credit & the Law* § 2:16 (Nov. 2017) ("[T]he FCRA does not require consumer reporting agencies to disclose information that is not given to creditors who request credit reports.").

The allegations in the FAC do not plausibly allege that Experian knowingly or recklessly violated any of this guidance.  Plaintiff complains that Experian's disclosure did not include "archived" information that is now excluded from her consumer reports.  ECF No. 15 at ¶ 34.  But § 1681g(a)(1) expressly limits a CRA's disclosure to information in the consumer's file— *i.e.*, information included in a consumer report, *Gillespie*, 482 F.3d at 910—"at the time of the request."  If Experian has archived information that is no longer included on the consumer reports it issues to third parties, Experian has no obligation under § 1681g(a)(1) to disclose such information.

Plaintiff also complains that her disclosure did not include "negative codes." ECF No. 15 at ¶ 35. Plaintiff does not explain what she means by "negative codes," but her claim appears to turn on the different way that credit reports (provided to subscribers, like potential creditors) and consumer disclosures (provided to consumers) are reported. Most credit reports go to credit grantors, "who read the information with computers"; accordingly, the information is "delivered in a computer-generated format 'in segments and bits and bytes.'" *Shaw v. Experian Info. Sols., Inc.*, No. 13-cv-1295, 2016 WL 5464543, at *2 (S.D. Cal. Sept. 28, 2016). "Although this output is easily read by the computers of credit grantors …, it is essentially incomprehensible to human beings." *Id.* "Unlike a credit report, which contains industry codes and fields which are designed to be read by computers and which would be unfamiliar and meaningless to a lay consumer, the consumer disclosure uses a more elementary and easy-to-read format to convey the same information." *Id.* at *3.

Plaintiff does not allege that Experian is reporting "negative codes" to credit grantors without disclosing the same information in a comprehensible way on the disclosure she received; instead, Plaintiff appears to believe that § 1681g(a)(1) requires CRAs to disclose to consumers *both* the digital codes used to communicate with credit grantors' computers *and* the same information in a format that human readers can understand. Again, however, not only is there a lack of "pellucid" authority supporting plaintiff's position, there is case law directly to the contrary. *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 761 (9th Cir. 2018). This precedent makes ample sense: it would be detrimental to consumers to provide reports containing codes and data intended for computers, instead of simple language describing the same information.

Finally, Plaintiff vaguely alleges that Experian disclosed a consumer report lacking

unspecified "additional information that is provided to prospective creditors, insurers or

employers."  ECF No. 15 ¶ 34.  It is not plausible that Experian knowingly or recklessly violated

§ 1681g when Plaintiff cannot even identify the content or form of information Experian

supposedly failed to disclose.  Put simply, Plaintiff cannot satisfy the high bar of willfulness with

such vague allegations.

### C.    Plaintiff Lacks Standing Because the First Amended Complaint Does Not Allege a Concrete Injury.

Finally, the Court should enter judgment on the pleadings in Experian's favor because the

FAC alleges a mere technical statutory violation that, by Plaintiff's own admission, has caused

her no real-world harm.  As the Supreme Court, and now the Fourth Circuit, have made clear,

Article III standing requires *real* harm.  *See Spokeo v. Robins*, 136 S. Ct. 1540 (2016); *Dreher v.*

*Experian Info. Sols., Inc.*, 856 F.3d 337 (4th Cir. 2017).  The required Article III injury is lacking

here, because there is no factual allegation suggesting that Plaintiff has been affected even

slightly by the alleged violation.  This case is the epitome of the sort of no-injury claim that

*Spokeo* and *Dreher* forbid federal courts from entertaining.

To satisfy Article III's standing requirement, the plaintiff must have (1) suffered an injury

in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely

to be redressed by a favorable judicial decision.  *Spokeo*, 136 S. Ct. at 1547.  To establish injury

in fact, a plaintiff must show that she suffered an invasion of a legally-protected interest that is

both concrete and particularized.  *Id.* at 1548.  For an injury to be concrete, "it must actually

exist" and be "real, and not abstract."  *Id.*  Notably, a plaintiff cannot automatically satisfy the

injury in fact requirement just because "a statute grants a person a statutory right and purports to

authorize that person to sue to vindicate that right."  *Id.* at 1549.  Put otherwise, one cannot

"allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement." *Id.*

The Fourth Circuit applied *Spokeo* to a claim under § 1681g—the same FCRA provision at issue here—in *Dreher*. The plaintiff in *Dreher* complained that although Experian disclosed certain information in his file, Experian failed to disclose the source of such information, as § 1681g requires. *See* 856 F.3d at 345. The Fourth Circuit acknowledged that this type of informational injury *can* constitute an Article III injury-in-fact, but only if the plaintiff lacks "access to information to which he is legally entitled *and* … the denial of that information creates a 'real' harm with an adverse effect." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

To determine whether the plaintiff in *Dreher* alleged a concrete injury, the Fourth Circuit first examined whether the plaintiff alleged an injury of the type that has "traditionally been regarded as providing a basis for a lawsuit in English or American courts." 836 F.3d at 345 (quoting *Spokeo*, 136 S. Ct. at 1549). Finding none, the Fourth Circuit held that an informational injury under the FCRA is concrete only when the plaintiff is denied access to information required to be disclosed by statute, "*and* he 'suffers, by being denied access to that information, the type of harm *Congress sought to prevent* by requiring disclosure.'" *Id.* at 345-46 (quoting *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016)) (emphasis in original). Because the FCRA is intended to ensure fair and accurate credit reporting, a plaintiff alleging informational injury must show that the alleged violation made a difference in the fairness or accuracy in his credit report—a showing the plaintiff in *Dreher* failed to make. *Id.* at 346.

Likewise here, Plaintiff has failed to allege that she has suffered any "real" harm in the form of an inaccurate or unfair credit report. Indeed, Plaintiff does not even claim that the unspecified information she seeks has been provided to any third party in a credit report. ECF

No. 15 ¶ 39.  Plaintiff does not even know whether such information exists; her claim is based on "only surmise."  *Id.* ¶ 43.

At most, the FAC has alleged nothing more than a purported procedural violation under the FCRA.  Any harm flowing from that purported violation is entirely abstract.  Article III does not permit a plaintiff to sue because she surmises that some injury "**MIGHT**" occur at some point in the undefined future.  ECF No. 15 ¶ 39.  Because Plaintiff has not plausibly alleged that Experian's alleged violation of § 1681g has resulted in unfair or inaccurate credit reporting, her complaint does not meet the "irreducible constitutional minimum" of a "case" or "controversy," and must be summarily adjudicated for lack of standing.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

## V.    <u>CONCLUSION</u>

For these reasons, Experian respectfully requests that the Court grant Experian's Motion for Judgment on the Pleadings and enter judgment in Experian's favor on all of Plaintiff's FCRA claims.


Dated:  September 24, 2018                    Respectfully submitted,

                                               /s/ *Jon G. Heintz*
                                              _____

                                              Jon G. Heintz (D. Md. Bar No. 13001)
                                              JONES DAY
                                              51 Louisiana Ave., NW
                                              Washington, D.C. 20001
                                              T: (202) 879-3819
                                              jheintz@jonesday.com

                                              *Counsel for Defendant*
                                              *Experian Information Solutions, Inc.*