**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

| | |
|---|---|
| JOAHN BARRON FRAZIER,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>        Defendants. | Case No. 1:18-cv-00067-JKB<br><br>Judge: James K. Bredar |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, hereby submits this reply brief in support of its previously filed Motion for Judgment on the Pleadings (ECF No. 26, Sept. 24, 2018).

**BACKGROUND**

On March 22, 2018, Plaintiff filed an amended complaint alleging that Experian violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(a)(1), by failing to provide a full consumer file disclosure in response to her requests. ECF No. 15. On April 5, 2018, Defendants Equifax Inc. and Equifax Information Services, LLC (collectively, "Equifax"), moved to dismiss an identical claim brought against them. ECF No. 18. On August 9, 2018, the Court granted Equifax's motion, concluding that Plaintiff's amended complaint did not include sufficient "specific factual allegations" that, if taken as true, would allow the Court to "reasonably infer that [Equifax] violated [its] disclosure requirements pursuant to § 1681g(a)(1) of the FCRA." ECF No. 23-24.

On September 24, 2018, Experian filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) advancing substantially the same arguments that Equifax made in its motion to dismiss.  ECF No. 26.  Plaintiff did not file a response.

## ARGUMENT

This Court has explained that "[w]hen a plaintiff fails to oppose a motion, a district court is 'entitled, as authorized, to rule on the motion and dismiss the suit on the uncontroverted bases asserted' in the motion." *Clemons v. Home Depot*, No. 14-cv-1309, 2014 WL 3827814, at *1 (D. Md. July 28, 2014) (quoting *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004)).  This is consistent with a district court's "inherent authority to dismiss a lawsuit *sua sponte* for failure to prosecute." *United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007).  Indeed, this Court has routinely dismissed claims—including those brought by *pro se* plaintiffs—where the plaintiff has failed to respond to a dispositive motion in a timely manner.[1]  This is particularly true, where, as here, the claim is deficient on the merits.

Here, Plaintiff has not filed a timely response in opposition to Experian's motion.  Pursuant to District of Maryland Local Civil Rule 105(2)(a), Plaintiff had 14 days in which to file a response, plus an additional three days as provided by Federal Rule of Civil Procedure 5(d), for a total of 17 days in which to respond.  Plaintiff's opposition was thus due to be filed no later than October 12, 2018.  As of the date of the filing of this reply, Plaintiff still has not filed

---

[1] *See, e.g., White v. Wal-Mart Stores, Inc.*, No. 14-cv-31, 2014 WL 1369609, at *2 (D. Md. Apr. 4, 2014) ("In light of plaintiff's failure to oppose the Motion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant."); *see also, e.g., Stevens v. City of Danville*, No. 4:17-cv-87, 2018 WL 3868815 (D. Md. Aug. 14, 2018); *Benton v. Bank of Am. Corp.*, No. 16-cv-613, 2017 WL 588468 (D. Md. Feb. 14, 2017); *Burke v. Ann Arundel Med. Ctr.*, No. 14-cv-3019, 2015 WL 2227914 (D. Md. May 8, 2015); *Clemons*, 2014 WL 3827814, at *2; *Belyakov v. Med. Sci. & Computing*, No. 13-cv-3657, 2014 WL 12768920 (D. Md. May 19, 2014).

any response in opposition to Experian's motion.  As this Court has previously observed, this is likely because Plaintiff "concedes that her Complaint is deficient for the reasons stated" in Experian's motion.  *White*, 2014 WL 1369609, at *2.

## CONCLUSION

Because Plaintiff has failed to oppose in a timely manner Experian's Motion for Judgment on the Pleadings, Experian respectfully requests that the Court grant the Motion and enter judgment in Experian's favor on Plaintiff's FCRA claim.

Dated:  October 17, 2018

Respectfully submitted,

 /s/ *Jon G. Heintz*

Jon G. Heintz (D. Md. Bar No. 13001)
JONES DAY
51 Louisiana Ave., NW
Washington, D.C. 20001
T: (202) 879-3819
jheintz@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed on October 17, 2018, with the Court via the CM/ECF system, causing it to be served on all CM/ECF users. In addition, a copy of the foregoing was mailed to Plaintiff at the address listed below:

>Joahn Barron Frazier
>P.O. Box 25
>Hagerstown, MD 21741

Dated: October 17, 2018

Respectfully submitted,

/s/ *Jon G. Heintz*

Jon G. Heintz (D. Md. Bar No. 13001)
JONES DAY
51 Louisiana Ave., NW
Washington, D.C. 20001
T: (202) 879-3819
jheintz@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*